IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1-25-CV-1571-KAS

REGAN BENSON,

    Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

    Defendants.

## DEFENDANTS' COUNTERCLAIMS

The individual Defendants-Counterclaimants, **TAMARA NILE**S, **OTHONIEL SIERRA**, **JOE ANDERSON**, **SERGIO RENTERIA**, **BETHANY LAFFERTY**, **CORINNE BARNETT**, **JEAN MULDER**, **AARON GLEE**, and **SHAWN LEWIS,** by and through their attorneys, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 13, hereby submit their counterclaims against Plaintiff as follows:

### I.    INTRODUCTION

Plaintiff, a self-proclaimed First Amendment auditor, uses deliberately antagonistic tactics – including harassment, in-person bullying, cyberbullying, intimidation, and public humiliation – to provoke reactions for sensationalized YouTube content for financial gain. Plaintiff has subjected

1

City officials to years of harassment and has now escalated that conduct by filing this lawsuit. Faced with no other alternative, Defendants are left with little choice but to bring counterclaims to protect their rights and put an end to the ongoing harassment.

## II.  PARTIES

1. Plaintiff, Regan Benson is a citizen of the United States and a resident of the State of Colorado at all times relevant to this matter. [*See* Complaint, ECF No. 1, ¶ 5].

2. Defendant Englewood, Colorado is a Colorado municipal corporation.

3. Defendant Tamara Niles is the City Attorney for Englewood, Colorado.

4. Defendant Othoniel Sierra is Mayor of Englewood, Colorado.

5. Defendant Joe Anderson is a member of the City Council of Englewood, Colorado, and Mayor Pro Tem.

6. Defendant Sergio Renteria is a former assistant City Attorney and current assistant District Attorney with Englewood, Colorado.

7. Defendant Bethany Lafferty was previously employed as a librarian with Englewood, Colorado.

8. Defendant Corinne Barnett was previously employed as a librarian with Englewood, Colorado.

9. Defendant Shawn Lewis is City Manager for Englewood, Colorado.

10. Defendant Jean Mulder is a police officer employed with Englewood, Colorado.

11. Defendant Aaron Glee is a police officer employed with Englewood, Colorado.

## III.  JURISDICTION AND VENUE

12. Plaintiff is subject to personal jurisdiction of this Court pursuant to C.R.S. § 13-1-124 because she is located in, and has committed actionable claims in Englewood, Colorado.

2

13. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all parties reside in Colorado and the events giving rise to these counterclaims occurred within Colorado.

## IV. STATEMENT OF FACTS

14. Plaintiff earns income from her YouTube content[1].

15. In addition to earning compensation for views, Plaintiff monetizes her YouTube videos with advertisements.

16. On October 9, 2024, Plaintiff posted a YouTube video[2] of Defendants Corinne Barnett and Jean Mulder without their consent. This video has received 5,361 views to date for which Plaintiff received financial compensation. *See* [Complaint, ECF No 1, ¶ 67 (Plaintiff experienced financial loss when her videos of Defendants were removed from YouTube)].

17. Plaintiff authored and publicized a caption to the October 9, 2024, YouTube video naming Defendants Corinne Barnett, Bethany Lafferty, Aaron Glee, and Jean Mulder without their consent. This caption states the following:

> "This cop is known as Englewoods [sic] "go to gal", a nick name just for her, according to her her [sic] Sergeant; Adam Wright. These gals are pretty in touch with each others feelings, obviously something the "men" of the Englewood PD enjoy. The star of the show:, Library Supervisor, Corinne B.(the bimbo behind the computer) collecting an annual salary of $89k, while her boss, Bethany L. Library and Cultural Arts Manager collecting a $119k a year, fills the cop in on alleged criminal activity she and her gal pal NEVER EVEN WITNESSED. Good Ol Bethany tells a great many lies, therefore Corinne joins in on the fun! Go to gal pal cop: Jean Mulder, makes a $112K a year. No biggie. Fantastic use of police resources. Long story short...this cop does a dishonest investigation, was DETERMINED to get a warrant for me any way possible and Aaron Glee- another super highly intelligent Englewood cop, with a title of "detective" collecting a $112K a year, both lied their way through an entire "case" to really stick it to me (joke) for harassment for filming a security guard…" *See id.*

18. In the October 9, 2024, YouTube video caption, Plaintiff falsely accuses Defendants

---

[1] *See* Social Blade, https://socialblade.com/youtube/channel/UCuJzmE8ifh4B2PbKFAB05Nw.
[2] *See* October 9, 2024 YouTube video, https://www.youtube.com/watch?v=5g5KMWTooP4.

3

Barnett and Mulder of engaging in sexual conduct with Englewood police officers and committing the crimes of false reporting and obstruction of justice. *See* C.R.S. §§ 18-8-111.5 and 18-8-102.

19. On October 11, 2024, Plaintiff posted a YouTube video[3] which has received 2,311 views to date. Plaintiff received financial compensation for this video. Plaintiff authored and publicized a caption to this video naming Defendants Renteria, Lafferty, and Niles without their consent. This caption states as follows:

> "Very likely a one moron city attorney by the name of Sergio Renteria who then LIED to him and told him his name was Jonathan…Sergio Renteria, by and through the guidance of the city attorney, Tamara Niles, are working overtime to shut down public comment at city council and have now BANNED me from attending CITY COUNCIL meetings. Here's some more of Sergio here: Watch @ 1:01:00 https://www.youtube.com/live/_pQ6Ja4T... Sergio makes a whopping $128k a year because he is a complete moron. Tamara however follows here orders quite well and is currently making just under $300k a year… Attorneys like this ^^^ are exactly the scorched earth leeches referred to when describing attorneys who can NEVER succeed in the private sector… After all, the chief trouble maker Librarian Bethany, makes WAY more money than their SWAT officers. 😂"

20. On May 19, 2025, Plaintiff posted a YouTube video[4] of Defendants Niles, Anderson, Sierra, and Lewis without their consent. This video received 2,600 views to date for which Plaintiff received financial compensation.

21. In the May 19, 2025, video, Plaintiff joyfully states that Defendants look really stupid in the lawsuit.

22. In the May 19, 2025, video, Plaintiff calls Defendant Glee a "dumbass" and "dumbfucker."

23. In the May 19, 2025, video, Plaintiff calls Defendant Niles a "bitch" multiple times.

24. In the May 19, 2025, video, Plaintiff states "every" police officer is "fucking

---

[3] *See* October 11, 2024 YouTube video, https://www.youtube.com/watch?v=9LBbWHLGVfM&t=8s.
[4] *See* May 19, 2025 YouTube video, https://www.youtube.com/watch?v=PAvJ4Y1YJHE.

worthless."

25. In the May 19, 2025, video, Plaintiff states that Defendant Anderson would never get re-elected.

26. In the May 19, 2025, video, Plaintiff calls Defendants "dumb shits."

27. In the May 19, 2025, video, Plaintiff calls Defendant Lewis an "idiot" multiple times.

28. In the May 19, 2025, video, Plaintiff calls Defendant Niles a derogatory term for women – "bimbo."

29. In the May 19, 2025, video, Plaintiff calls Defendant Niles a "dipshit" and states that she "couldn't even work for a freaking collection agency."

30. In the May 19, 2025, video, Plaintiff states Defendant Niles "suck[s] at being attorney" and tells her to quit her job.

31. In the May 19, 2025, video, Plaintiff states Defendants Niles and Lewis are the "dumbest people in this entire city."

32. In the May 19, 2025, video, Plaintiff states Defendants Niles and Lewis were playing "cornholing" with each other. In this statement, Plaintiff falsely accuses Defendants Niles and Lewis of engaging in sexual conduct with each other.

33. In the May 19, 2025, video, Plaintiff gleefully states, "Jamie [her counsel] is going to mop your freakin' floor. She's going to make you cry, repeatedly."

34. In the May 19, 2025, video, Plaintiff brags that this matter will cost Defendants "millions of dollars."

35. In the May 19, 2025, video, Plaintiff states that she looks forward to seeing Defendants in depositions and seeing them "scatter like cockroaches… it's going to be fucking

5

glorious."

36. In the May 19, 2025, video, Plaintiff states, "Did you see Tamara's [Defendant Niles] face when I said Jamie [Plaintiff's counsel] is going to make you cry. And she almost started crying." She then laughs. "Oh shit that needed to happen."

37. Plaintiff's animosity toward Defendants is apparent and expressly stated.

38. Plaintiff's intended purpose in filing her lawsuit is to "make [Defendants] cry" and "to watch [them] waste [their lives]," as stated in the May 19, 2025 video.

39. Plaintiff selectively named Defendants based on personal animus rather than legitimate legal or factual bases.

40. For example, in her May 10, 2025, YouTube video, Plaintiff told Officer Christopher Caggiano she would have sued him as well, but her lawyer thinks he is cute.

## V.   FIRST CLAIM FOR RELIEF
*Abuse of Process*
**All Defendants against Plaintiff**

41. Defendants incorporate by reference all allegations contained in all previous paragraphs of their Counterclaims.

42. Plaintiff's stated purpose in filing this lawsuit is to harass Defendants, cause them harm, and cause them emotional distress.

43. Plaintiff's statements plausibly infer a bad faith intent.

44. Plaintiff utilizes this proceeding in an improper manner.

45. Plaintiff caused Defendants to suffer damages in an amount to be determined by the trier of fact, including but not limited to expenditure of substantial money and time defending this lawsuit, as well as injury to reputation, embarrassment, fear, anxiety, humiliation, and mental anguish.

6

## VI.   SECOND CLAIM FOR RELIEF
*Invasion of privacy by appropriation of name and likeness*
**All Defendants against Plaintiff**

46.  Defendants incorporate by reference all allegations contained in all previous paragraphs of their Counterclaims.

47.  Plaintiff used Defendants' names and likeness in her YouTube videos.

48.  Plaintiff used Defendants' names and likeness for commercial gain.

49.  Plaintiff's YouTube videos are created for the purpose of financial gain rather than for the purpose of communicating news. *See* [Complaint, ECF No 1, ¶ 67 (Plaintiff experienced financial loss when her videos of Defendants were removed from YouTube)].

50.  Plaintiff caused Defendants to suffer damages in an amount to be determined by the trier of fact, including but not limited to injury to reputation, embarrassment, humiliation, and mental anguish.

## VII.   THIRD CLAIM FOR RELIEF
*Defamation and false light*
**Defendants Barnett, Mulder, Niles, and Lewis against Plaintiff**

51.  Defendants incorporate by reference all allegations contained in all previous paragraphs of their Counterclaims.

52.  Plaintiff publicized defamatory statements and video of Defendants Barnett, Mulder, Niles, and Lewis on her YouTube channel.

53.  These statements included that Defendants Niles and Lewis engaged in sexual conduct with each other; that Defendants Barnett and Mulder engaged in sexual conduct with Englewood police officers; and that Defendants Barnett and Mulder committed the crimes of false reporting and obstruction of justice. These are not allegations contained within Plaintiff's Complaint, ECF No. 1.

54. Plaintiff made these statements with either actual knowledge they were false or in reckless disregard for the truth given they are complete fabrications based on no evidence.

55. Defamatory statements related to the commission of crimes and serious sexual misconduct are defamation *per se. Gordon v. Boyles,* 99 P.3d 75, 80 (Colo. App. 2004).

56. Defendants are married and as such Plaintiff's statement included the false accusation of extramarital affairs.

57. Plaintiff caused Defendants to suffer damages in an amount to be determined by the trier of fact, including but not limited to injury to reputation, embarrassment, humiliation, and mental anguish.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request judgment against Plaintiff and prays for:

a. economic damages;

b. compensatory damages, including injury to reputation, embarrassment, fear, anxiety, humiliation, and mental anguish;

c. punitive damages;

d. pre- and post-judgment interest;

e. reasonable attorneys' fees and costs incurred in this action; and

f. any further relief provided by statute or law the Court deems just or equitable.

## IX.   DEMAND FOR JURY TRIAL

Defendants request a trial by jury.

        Respectfully submitted,

        s/ Courtney B. Kramer
        ***Courtney B. Kramer***
        SGR, LLC
        3900 East Mexico Avenue, Suite 700
        Denver, Colorado 80210
        Telephone: (303) 320-0509
        Facsimile: (303) 320-0210
        Email: ckramer@sgrllc.com

        s/ Tiffany E. Toomey
        ***Tiffany E. Toomey***
        SGR, LLC
        3900 East Mexico Avenue, Suite 700
        Denver, Colorado 80210
        Telephone: (303) 320-0509
        Facsimile: (303) 320-0210
        Email: ttoomey@sgrllc.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 25th day of July, 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will send notification to the following email addresses:

Jamie H. Hubbard
Carey L. Bell, IV
STIMSON LABRANCHE HUBBARD, LLC
Email: bell@slhlegal.com
Email: hubbard@slhlegal.com
*Attorneys for Plaintiff Regan Benson*

        */s/ Deborah Edwards*
        Legal Secretary