**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-CV-1571-RMR-KAS

REGAN BENSON,

    Plaintiff/Counter Defendant,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation

and

TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

    Defendants/Counter Claimants.

---

**UNOPPOSED MOTION TO EXTEND DEADLINE FOR RESPONSIVE PLEADING**

---

Plaintiff/Counter Defendant Regan Benson ("Ms. Benson") through counsel, moves to extend the deadline to answer or otherwise respond to the Counterclaim. In support thereof, Ms. Benson states as follows:

<u>Certificate of Conferral</u>. Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff's counsel conferred in good faith with Defendants' counsel regarding the relief requested by this Motion. Defendants do not oppose the relief requested by this Motion.

On July 25, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint as well as counterclaims alleging abuse of process, defamation, and invasion of privacy. (ECF No. 24.) Ms. Benson's response to these pleadings is due on August 15, 2025.

As Defendants' counterclaims seek to punish Ms. Benson for her statements made towards and about public officials at City Council meetings in videos posted to Ms. Benson's publicly accessible YouTube channel, these counterclaims invoke Colorado's anti-SLAPP statute, C.R.S. 13-20-1101. Ms. Benson intends to file a special motion to dismiss authorized by the anti-SLAPP statute. *See Moreau v. United States Olympic & Paralympic Cmte.*, 641 F.Supp.3d 1122, 1129-1131 (D. Colo. 2022) (Colorado anti-SLAPP statute applicable in federal court).

The procedural provisions in Colorado's anti-SLAPP statute permit a special motion to dismiss to be filed anytime within 63 days of the filing of the offending claims. *See* C.R.S. § 13-20-1101(5). However, it is unclear whether the timing provision of the anti-SLAPP statute governs over other deadlines in the federal rules of civil procedure. *See Coomer v. Make Your Life Epic,* LLC, (10th Cir. 2024) (provision that permits immediate appeal if special motion to dismiss denied not enforceable in federal court); *Watson v. Mulcahy*, 2025 WL 2099991, at *4-5 (D. Colo. Jan. 31, 2025) (automatic stay provisions in Colorado's anti-SLAPP statute do not apply in federal court). Thus, in an abundance of caution, and given the uncertainty of the deadline for a special motion to dismiss in federal court, Ms. Benson requests leave to respond to the counterclaims and/or file her anti-SLAPP motion by August 29, 2025.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order extending her deadline to respond to the counterclaims until August 29, 2025.

Dated: August 15, 2025.

        Respectfully submitted,

        *s/ Jamie Hubbard*
        Jamie Hubbard
        Carey Bell
        STIMSON LABRANCHE HUBBARD, LLC
        1652 Downing Street
        Denver, CO 80218
        Phone/Fax:   720.689.8909
        Email:   hubbard@slhlegal.com
        bell@slhlegal.com

        *Attorneys for Plaintiff Regan Benson*

### Certificate of Service

I certify that on August 15, 2025, I electronically filed the foregoing *Unopposed Motion to Extend Deadline for Responsive Pleading* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        *s/ Nancy Hickam*
        Nancy Hickam, Paralegal