## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01571-RMR-KAS

REGAN BENSON,

Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation

and

TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF SCHEDULING CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference is scheduled for August 19, 2025, at 10:00 a.m. before

Magistrate Judge Starnella. Jamie Hubbard of Stimson LaBranche Hubbard, LLC will be

appearing on behalf of Plaintiff, and Tiffany Toomey and Courtney Kramer of SGR, LLC will

be appearing on behalf of Defendants.

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1391(b).

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Ms. Benson is an outspoken advocate for the homeless in Englewood. She has advocated on their behalf at Englewood City Council meetings, outside the Englewood Library, in meetings with Englewood public officials, and elsewhere. In her effort to protect the homeless and hold government officials accountable, Ms. Benson frequently submits records requests to Englewood and the Englewood Police Department and records her interactions with Englewood public officials. As a result of her zealous advocacy, Ms. Benson was well known to the Defendants in this case. Defendants—working collectively and individually—excluded Ms. Benson from the library, orchestrated multiple criminal charges against her for engaging in First Amendment-protected activities, excluded her from Englewood City Council meetings, prevented her from speaking at an Englewood City Council meeting, and even passed a new policy criminalizing constitutionally protected recording activity to stifle Ms. Benson's advocacy. Based on these actions, Ms. Benson is bringing claims for violations of her First Amendment rights and conspiracy to violate her First Amendment rights (Claims 1-9) and a claim that the Englewood policy criminalizing her recording activity is unconstitutionally overbroad (Claim 10).

In response to the Defendants' counterclaims, Ms. Benson asserts that the alleged speech that forms the basis of Defendants' claims is protected by the First Amendment and all defenses asserted in her [Motion to Dismiss/Answer] filed on August [ ], 2025.

### b.  Defendant

Defendants deny they violated Plaintiff's constitutional rights and assert the following affirmative defenses: (1) Plaintiff fails to state a claim upon which relief may be granted as to some or all of her claims against Defendants, (2) Defendants complied with all applicable laws, statutes, and regulations, (3) Plaintiff's claims are barred by the doctrine of unclean hands, (4) Defendants are qualifiedly immune from some or all of Plaintiff's claims, (5) Defendants at all times acted in good faith and without intent to injure or deprive Plaintiff of her civil rights, (6) Plaintiff fails to allege Defendants' actions were unreasonable, (7) Plaintiff's damages, if any, are not of the nature and extent as alleged in the Complaint, (8) Plaintiff failed to reasonably mitigate her damages, and (9) Defendants reserve the right to add additional affirmative defenses which are revealed by way of disclosures and discovery.

Defendants bring counterclaims arising from Plaintiffs' continued harassment and bullying for financial gain consisting of (1) abuse of process, (2) invasion of privacy by appropriation of name and likeness, and (3) defamation and false light.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      The City of Englewood is a Home Rule Municipality in Arapahoe County, Colorado.

2.      At all times relevant to the allegations in Plaintiff's Complaint, ECF No. 1, and Defendants' Counterclaims, ECF No. 24, Defendants were acting as employees under the color of state law employed with the City of Englewood, Colorado.

3.    The parties continue to confer on additional facts to which they may be able

to stipulate.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff is incurring damages on an ongoing basis but, to date, has incurred the following:

1.    Attorneys' fees incurred in defending the two criminal actions and two

administrative processes regarding exclusion from City facilities: To be

disclosed upon entry of a protective order.    **Per Plaintiff's counsel's statements on the record, this amount is approx. $50,000.**

2.    Compensatory and consequential damages: Plaintiff is seeking

**Per Plaintiff's counsel's statements on the record, will seek an amount in the six figures.** compensatory and consequential damages for pain and suffering, emotional

distress, embarrassment, humiliation, reputational damage, and loss of

enjoyment of life in an amount to be determined at trial.

3.    Punitive damages: Plaintiff is seeking punitive damages on all claims

allowed by law in an amount to be determined at trial.

4.    Attorneys' fees: Plaintiff is seeking attorneys' fees and costs associated with

this action on all claims allowed by law.

5.    Pre-judgment and post-judgment interest at the highest lawful rate.

6.    Any further relief that this Court deems just and proper, and any other relief

as allowed by law.

A more precise computation of Plaintiff's damages, to the extent Plaintiff's

damages are subject to such computation, will be provided during the normal course of

discovery, and will be determined by a jury in its sound discretion following a presentation

of the evidence at trial in this matter.

**b. Defendants**

Defendants seek damages to include compensatory damages, including injury to reputation, embarrassment, fear, anxiety, humiliation, and mental anguish; punitive damages; pre- and post-judgment interest; reasonable attorneys' fees and costs incurred in this action; and economic damages estimated to total $200,000 through the end of trial incurred from litigation expenditures resulting from Plaintiff's abuse of process.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held on August 8, 2025.

**b. Names of each participant and party he/she represented.**

Jamie Hubbard participated for Plaintiff; Tiffany Toomey and Courtney Kramer participated for Defendants.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

Rule 26(a)(1) disclosures will be exchanged on August 25, 2025.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

The parties do not believe informal discovery is necessary here.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to take all reasonable steps to reduce discovery and reduce costs. The parties agree to utilize a unified numbering system for discovery and exhibits

and to generally provide fulsome Fed. R. Civ. P. 26(a)(1) disclosures. Costs related to taking a deposition, such as reporter and appearance fees, and any videographer fees, will be paid by the party requesting the deposition, including associated expert fees for deposition testimony.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The parties have discussed possible sources of electronically stored information ("ESI"), including internal emails, text messages, internal messages, call logs, duty logs, notes, audio recordings, and other documents maintained by Defendants. Where possible, the parties will produce documents in a searchable PDF format. The parties agree to work cooperatively on ESI and the format in which it will be produced. The parties agree that upon request of another party, where reasonably possible to do so, they will additionally produce documents in their native format and/or allow inspection of documents using any proprietary software possessed by one party but not the other. Plaintiff and Defendants agree that, in the event that disputes arise regarding discovery of electronically stored information, they will follow the procedure for Discovery Disputes described in the District of Colorado Uniform Civil Practice Standards of the United States Magistrate Judges.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties discussed and will continue to discuss the possibility of early resolution of this matter, including narrowing claims and/or defendants as appropriate.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The parties have agreed to the presumptive limit of 10 depositions each, with the hope and expectation of either reducing the number of depositions or shortening the length of depositions as appropriate. The parties have agreed that each side is permitted 25 interrogatories.

**b. Limitations which any party proposes on the length of depositions.**

Seven hours.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

25 per side.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

April 24, 2026, 45 days before the discovery cut-off date.

**e. Other Planning or Discovery Orders.**

The Parties anticipate that a Stipulated Protective Order may be necessary to maintain the confidentiality of personal information as well as information relating to criminal cases that have been sealed. In the event the parties determine that a protective order is appropriate, the Parties will submit a proposed Protective Order for this Court.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

September 22, 2025, 45 days after the Rule 26(f) scheduling conference.

**b. Discovery Cutoff:**

June 8, 2026

**c. Dispositive Motion Deadline:** See RMR standing order on Rule 56 motions.

~~July 8, 2026~~
~~xxxxxxxxxxxx~~

**d. Expert Witness Disclosure:**

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff may provide expert testimony on policing and First Amendment protections. Defendants may retain experts in the field of public relations, psychiatry, psychology, and/or vocational damages. Defendants may retain experts to rebut Plaintiff's experts.

**2.  Limitations which the parties propose on the use or number of expert witnesses.**

**\*\*Limit of three affirmative retained experts per side.\*\***

One expert per topic per side with a maximum of three topics.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2)**

April 8, 2026.

**4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) by** May 31, 2026.

**e.  Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Plaintiff | 7 hours |
| Each Defendant | 3-5 hours each |
| Other witnesses whose identities are unknown at this time but may be determined during the course of discovery | TBD |

**10.  DATES FOR FURTHER CONFERENCES**

**a.  Status conferences will be held at the following dates and times:**

_____, 20__ at __ o'clock _____m.  TBD

**b.  A final pretrial conference will be held at the following date and time:**

_____, 20__ at __ o'clock _____m.  **\*\*See RMR practice standards re setting of Final Pretrial/Trial Prep Conference and trial and for any other deadlines therein.**

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

N/A.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Five-day jury trial.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served

upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the

trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR

7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional

Order of the assigned Magistrate Judge regarding discovery dispute procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at ___Denver___, Colorado, this __19th__ day of ___August___, 20__25__.

BY THE COURT:

_____
Kathryn A. Starnella
United States Magistrate Judge

APPROVED AS SUBMITTED ON August 12, 2025

s/ Jamie Hubbard                            s/ Tiffany Toomey
Jamie Hubbard                               Courtney Kramer
Carey Bell                                  Tiffany Toomey
Stimson LaBranche Hubbard, LLC              SGR, LLC
1652 N Downing Street                       3900 E. Mexico Avenue, Suite 700
Denver, CO 80218                            Denver, CO  802010
P: 720-689-8909                             P: 303-320-0509
Hubbard@slhlegal.com                        ckramer@sgrllc.com
Bell@slhlegal.com                           ttoomey@sgrllc.com
**Attorneys for Plaintiff**                 **Attorneys for Defendants**