**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-CV-1571-RMR-KAS

REGAN BENSON,

    Plaintiff/Counter Defendant,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity,
CARRIE WATSON, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

    Defendants/Counter Claimants.

---

**PROTECTIVE ORDER**

---

**Kathryn A. Starnella**, United States Magistrate Judge.

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical and personal financial information, information subject to a sealing order, private personnel information, trade secrets, and other proprietary business or law enforcement information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b. the parties, including their designated representatives and counsel;

    c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

    d. the Court and its employees ("Court Personnel") and the jury at trial;

    e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f. deponents, witnesses, or potential witnesses;

    g. anyone as otherwise required by law; and

    h.  other persons by written agreement of the parties.

    5.  Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

    6.  Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

    7.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the thirty (30) day period has expired.

    8.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for

that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with 3 D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the discovery dispute within fourteen (14) days after the time the notice is received, the parties shall jointly contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Unless other arrangements are agreed upon in writing by the parties, within thirty (30) days of the final determination of this action, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts, all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information, and all documents produced in this matter including documents designated as containing CONFIDENTIAL information.

10. The termination of this action shall not relieve counsel or other persons

Exhibit A

obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL information pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

11. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: ____ of August 2025.

BY THE COURT:

_____
Kathryn A. Starnella
United States Magistrate Judge

Exhibit A