# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1-25-CV-1571-KAS-RMR-KAS

REGAN BENSON,

    Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

    Defendants.

---

## DEFENDANTS NILES AND LEWIS' FIRST AMENDED COUNTERCLAIMS
_____

The individual Defendants-counterclaimants, **TAMARA NILES** and **SHAWN LEWIS,** by and through their attorneys, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 13 and 15(a)(1)(B), hereby submit their counterclaims against Plaintiff as follows:

### I.  INTRODUCTION

Plaintiff, a self-proclaimed First Amendment auditor, uses deliberately antagonistic tactics – including harassment, in-person bullying, cyberbullying, intimidation, and public humiliation – to provoke reactions for sensationalized YouTube content. Though Plaintiff asserts that her abusive speech is constitutionally protected, her statement that Defendants Lewis and Niles engaged in sexual misconduct with each

other is well beyond the bounds of protected speech.

## II. PARTIES

1. Plaintiff, Regan Benson is a citizen of the United States and a resident of the State of Colorado at all times relevant to this matter. [*See* Complaint, ECF No. 36, ¶ 5].

2. Defendant-counterclaimant Tamara Niles is the City Attorney for Englewood, Colorado.

3. Defendant-counterclaimant Shawn Lewis is City Manager for Englewood, Colorado.

## III. JURISDICTION AND VENUE

4. Plaintiff is subject to personal jurisdiction of this Court pursuant to C.R.S. § 13-1-124 because she is located in, and has committed actionable claims in Englewood, Colorado.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because all parties reside in Colorado and the events giving rise to these counterclaims occurred within Colorado.

## IV. STATEMENT OF FACTS

6. On May 19, 2025, Plaintiff posted a YouTube video[1] which has received 2,716 views to date.

7. In the May 19, 2025, video, Plaintiff joyfully states that Defendants look really stupid in the lawsuit.

8. In the May 19, 2025, video, Plaintiff calls Defendant Niles a "bitch" multiple

---

[1] *See* May 19, 2025 YouTube video, https://www.youtube.com/watch?v=PAvJ4Y1YJHE.

times.

9. In the May 19, 2025, video, Plaintiff calls Defendants "dumb shits."

10. In the May 19, 2025, video, Plaintiff calls Defendant Lewis an "idiot" multiple times.

11. In the May 19, 2025, video, Plaintiff calls Defendant Niles a derogatory term for women – "bimbo."

12. In the May 19, 2025, video, Plaintiff states Defendant Niles "suck[s] at being attorney" and tells her to quit her job.

13. In the May 19, 2025, video, Plaintiff states Defendants Niles and Lewis are the "dumbest people in this entire city."

14. In the May 19, 2025, video, Plaintiff states Defendants Niles and Lewis were playing "cornholing" with each other. In this statement, Plaintiff falsely accuses Defendants Niles and Lewis of engaging in sexual conduct with each other.

15. The *first* result in a Google search defines the term cornholing as to "have anal intercourse with (someone)." (emphasis in original), as shown in the following screen shot:



16. Though Plaintiff's anti-SLAPP Motion to Dismiss, ECF 52, represents she referred to the game of cornhole, this is not accurate according to Plaintiff's own statements.

17. Plaintiff concedes her statement referred to sexual activity in two subsequent YouTube videos that she published addressing Defendants' counterclaims[2] ("… someone having sexual relations with each other – so what. I guess that some idioms could be taken as. Like you know, you're taking it up the -- "); ("their using taxpayer dollars to file a countersuit in Federal Court to sue me, because, apparently, they think I said that they are participating in sexual encounters with each other… if the shoe fits wear it.").

18. Nor was Plaintiff's "cornholing" statement a joke or figurative, given her published statement that the "shoe fits."

---

[2] *See* July 25, 2025 YouTube video, https://www.youtube.com/watch?v=RzNlL32oRfk at 10:53. *See* August 4, 2025 YouTube video, https://www.youtube.com/watch?v=XDcVUOLvhAo at 25:03.

19. Further, when Plaintiff made this statement, she gave no indication that she was joking. She neither laughed nor smiled and was speaking in a formal setting – a public comment period at a City Council meeting – where a listener would not reasonably expect such an inappropriate joke to be made.

20. In the May 19, 2025, video, Plaintiff gleefully states, "Jamie [her counsel] is going to mop your freakin' floor. She's going to make you cry, repeatedly."

21. In the May 19, 2025, video, Plaintiff brags that this matter will cost Defendants "millions of dollars."

22. In the May 19, 2025, video, Plaintiff states that she looks forward to seeing Defendants in depositions and seeing them "scatter like cockroaches… it's going to be fucking glorious."

23. In the May 19, 2025, video, Plaintiff states, "Did you see Tamara's [Defendant Niles] face when I said Jamie [Plaintiff's counsel] is going to make you cry. And she almost started crying." She then laughs. "Oh shit that needed to happen."

24. Plaintiff's animosity toward Defendants is apparent and expressly stated.

**25.** Plaintiff's intended purpose in filing her lawsuit is to "make [Defendants] cry" and "to watch [them] waste [their lives]," as stated in the May 19, 2025 video.

### VII.  FIRST CLAIM FOR RELIEF[3]
*Defamation*
**Defendants Niles and Lewis against Plaintiff**

26. Defendants incorporate by reference all allegations contained in all

---

[3] Defendants have removed the previous first and second claims for relief: (1) abuse of process, and (2) invasion of privacy by appropriation of name and likeness, based on Plaintiff's representations in her First Amended Complaint, ECF No. 36, and in her Declaration, ECF No. 52-1. Should discovery reveal evidence that reveals these representations to be inaccurate, Defendants reserve the right to reintroduce these claims.

previous paragraphs of their Counterclaims.

27. Plaintiff publicized defamatory statements and video of Defendants Niles and Lewis on her YouTube channel.

28. These statements included that Defendants Niles and Lewis engaged in sexual misconduct with each other.

29. These are not allegations contained within Plaintiff's operative Complaint, ECF No. 36.

30. Plaintiff made these statements with either actual knowledge they were false or in reckless disregard for the truth given they are complete fabrications based on no evidence.

31. Plaintiff acted with actual malice further evidenced by her anger and hostility toward Defendants Niles and Lewis.

32. Defamatory statements related to serious sexual misconduct are defamation *per se. Gordon v. Boyles,* 99 P.3d 75, 80 (Colo. App. 2004).

33. Defendant Niles is married and as such Plaintiff's statement included the false accusation of an extramarital affair.

34. Plaintiff caused Defendants Niles and Lewis to suffer damages in an amount to be determined by the trier of fact, including but not limited to injury to reputation, embarrassment, humiliation, and mental anguish.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Defendants Niles and Lewis respectfully request judgment against Plaintiff and pray for:

a. economic damages;

    b.    compensatory damages, including injury to reputation, embarrassment, fear, anxiety, humiliation, and mental anguish;

    c.    punitive damages;

    d.    pre- and post-judgment interest;

    e.    reasonable attorneys' fees and costs incurred in this action; and

    f.    any further relief provided by statute or law the Court deems just or equitable.

## IX.    DEMAND FOR JURY TRIAL

Defendants-counterclaimants request a trial by jury.

        Respectfully submitted,

s/ Courtney B. Kramer
**Courtney B. Kramer**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
Email: ckramer@sgrllc.com

s/ Tiffany E. Toomey
**Tiffany E. Toomey**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: (303) 320-0509
Facsimile: (303) 320-0210
Email: ttoomey@sgrllc.com
*Counsel for Defendants-counterclaimants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of September, 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS NILES AND LEWIS' FIRST AMENDED COUNTERCLAIMS** with the Clerk of Court using the CM/ECF system which will send notification to the following email addresses:

Jamie H. Hubbard
Carey L. Bell, IV
STIMSON LABRANCHE HUBBARD, LLC
Email: bell@slhlegal.com
Email: hubbard@slhlegal.com
*Counsel for Plaintiff Regan Benson*

        /s/ Deborah Edwards
        Legal Secretary