## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1-25-CV-1571-RMR-KAS

REGAN BENSON,

     Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity,
CARRIE WATSON, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

     Defendants.

---

## DEFENDANTS' MOTION TO STAY DISCOVERY

---

Defendants, through counsel, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 26(c), respectfully move this Court for an order staying all case proceedings and discovery pending resolution of their dispositive motion. In support thereof, Defendants state as follows:

### I.     STATEMENT OF CONFERRAL

Pursuant to Fed.R.Civ.P. 26(c)(1) and D.C.COLO.LCivR. 7.1(a), undersigned counsel conferred with Plaintiff who opposes the relief requested herein.

## II.    INTRODUCTION

Plaintiff alleges First Amendment and Colorado constitutional claims arising from her exclusion from the City library and City Council meetings, denial of the opportunity to speak at City Council meetings, and two prosecutions related to harassment of a security guard and her conduct at a City Council meeting in Englewood, Colorado. [ECF No. 36]. In response to Plaintiff's claims, Defendants collectively filed a motion to dismiss the entirety of Plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6). Defendants initially filed three counterclaims against Plaintiff. [ECF No. 24]. In response, Plaintiff filed an anti-SLAPP motion to dismiss the entirety of Defendants' counterclaims. [ECF No. 52]. Defendants filed amended counterclaims, asserting only one counterclaim against Plaintiff for defamation. [ECF No. 59]. Plaintiff indicated she intends to file another anti-SLAPP motion to dismiss the amended counterclaims. Defendants seek a stay pending the resolution of both motions to dismiss on the basis that (1) qualified immunity supports a stay, (2) the *String Cheese* factors favor a stay, and (3) this Court should exercise its discretion and grant a stay pending the anti-SLAPP motion to dismiss. Defendants should not be subjected to the demands of discovery until the Court rules on their dispositive motion and determines the questions of qualified immunity. No discovery is needed for the parties to respond to each other's motions to dismiss given they raise purely legal arguments based exclusively on the facts alleged in the Complaint and counterclaim.

## III.    ARGUMENT

Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, it has been long held that "the power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* FED.R.CIV.P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). A stay is also warranted when a dispositive motion is pending. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("[W]hen a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). In evaluating a request for a stay, the Court evaluates the five *String Cheese* factors addressed in Section B below, which favor a stay.

**A.    QUALIFIED IMMUNITY SUPPORTS A STAY.**

"[T]he Court reads *Iqbal* to direct a strong presumption in favor of a stay as to discovery from entity defendants when an individual defendant has asserted qualified immunity." *Estate of Thakuri v. City of Westminster*, 2019 U.S. Dist. LEXIS 215693, at *12-15 (D. Colo. Dec. 12, 2019). All Defendants have asserted qualified immunity with the exception of the City, Defendant Glee, and Defendant Mulder (Glee and Mulder as to claim seven only: Colorado constitutional claim pursuant to C.R.S. § 31-21-131). Defendants Glee and Mulder have sought dismissal of claim seven on the basis it was not plausibly alleged. Defendants Glee and Mulder have asserted qualified immunity as to all other claims against them.

Qualified immunity is not only a defense to liability but is also an immunity from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). The doctrine of qualified immunity

3

was created to permit the resolution of claims against government officials before subjecting them "either to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Id.* at 526 (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 817-818 (1982)). "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with their duties, and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 510, 513 (1994) (quoting *Harlow*, 457 U.S. at 806).

Consistent with the underlying purposes of the qualified immunity doctrine, the United States Supreme Court repeatedly stresses the "importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (collecting cases). Any adverse district court qualified immunity decision raising a legal question may be appealed on an interlocutory basis pursuant to the collateral order doctrine. *Johnson*, 520 U.S. at 915; *Johnson v. Jones*, 515 U.S. 304, 309-311 (1995).

Here, the qualified immunity arguments raised in the Defendants' motion to dismiss are premised on the allegations from the Complaint, and as a result no discovery is necessary for Plaintiffs to respond to the motion to dismiss, in contrast to circumstances where qualified immunity is raised on summary judgment. *E.g., Eggert ex rel. Eggert v. Chaffee Cnty.,* 2010 WL 3359613, at *3 (D. Colo. Aug. 25, 2010)2; *Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1131 (D. Colo. 2010) (Motion to Stay granted, upon mere filing of Fed.R.Civ.P. 12 Motion to Dismiss, "after concluding that 'Defendants should not be subjected to suit until the [qualified] immunity issues are

4

resolved'").

It is of no consequence that the City and Defendants Mulder and Glee (as to claim seven only) have not asserted qualified immunity. *A.A. v. Martinez*, 2012 U.S. Dist. LEXIS 174813, at *3-4 (D. Colo. Oct. 9, 2012) (Supreme Court "believes discovery should be stayed as a whole" even when only one defendant asserts qualified immunity); *Chapman v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 99648, at *8-10 (D. Colo. July 30, 2015) (entering stay of discovery despite immunity defenses only applying to some defendants and some claims); *Estate of Thakuri*, 2019 WL 6828306, at *4 (finding strong presumption under *Iqbal* for complete stay following assertion of qualified immunity by one defendant and granting same); *Drive Sunshine Inst. v. High Performance Transp.*, 2014 WL 5816900, at *3 (D. Colo. Nov. 10, 2014) ("Additionally, discovery should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense."); *Cook v. Whyde*, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021) (same); *Dodge*, 695 F. Supp. 2d at 1131. "Proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative." *Lincoln v. Maketz*, 2015 WL 3413271, *3 (D. Colo. May 28, 2015); *Gale v. Jacob*, 2015 WL 3862686, at *2 (D. Colo. June 22, 2015); *Ingram v. Clements*, 2015 WL 1598052, at *2 (D. Colo. Apr. 8, 2015). In addressing this issue, the Supreme Court stated the following:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685. *Lucero v. City of Aurora*, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) ("[T]he Supreme Court [has] made clear that discovery must be stayed upon assertion of qualified immunity, even if there are claims that are not subject to a qualified immunity defense; otherwise, the defense is lost[.]") (citing *Iqbal*, 556 U.S. at 685–686). Additionally, because there is a direct overlap between the claims subject to qualified immunity and those that are not, the individual Defendants will essentially be deprived of their immunity protections should such discovery be permitted at this time. *Thompson v. Williams*, 2021 WL 4748663, at *6 (D. Colo. Oct. 12, 2021) (granting stay on basis that "it would be particularly difficult to distinguish between discovery related to claims that may be subject to [ ] immunity, and those that are not."); *Griffith v. El Paso Cnty., Colorado*, 2022 WL 20286303, at *2 (D. Colo. Nov. 2, 2022) ("Proceeding with discovery on [p]laintiff's municipal liability claim … would both effectively deprive them the benefit of immunity and result in a risk of piecemeal discovery."). A stay is warranted on this basis.

### B.     *STRING CHEESE* FACTORS SUPPORT A STAY.

In addition to a stay pending the resolution of Defendants' motion to dismiss, a stay of discovery is also supported by the *String Cheese* factors. In evaluating a request for a stay, the Court evaluates the following five *String Cheese* factors: (1) a plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104-05 (D. Colo. 2015) (citing *String Cheese Incident, LLC.*, No. 02-cv-01934-LTB-PAC, 2006 WL

894955, at *2)).

### 1.    <u>**The relative interests of the parties weigh in favor of a stay**</u>.

First, a court must balance a plaintiff's desire to proceed expeditiously with the

case against the burden placed on a defendant associated with proceeding forward.

*Rainey v. Thorstad*, No. 12-cv-CMA-MEH, 2012 WL 5931743, at *1 (D. Colo. Aug. 14,

2012). Here, the burden on Defendants outweighs Plaintiff's interests. As noted by the

Supreme Court, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a

defendant not only unwarranted liability, but unwarranted demands customarily imposed

upon those defending a long drawn-out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232

(1991); *Eaton v. Meneley*, 3779 F.3d 949, 954 (10th Cir. 2004). As the Supreme Court

has noted, "[o]ne of the purposes of immunity, absolute or qualified, is to spare a

defendant not only [of] unwarranted liability, but unwarranted demands customarily

imposed upon those defending a long drawn-out lawsuit." *Siegert*, 500 U.S. at 232; *see*

*also Eaton*, 3779 F.3d at 954. As explained by the Supreme Court in *Ashcroft v. Iqbal*,

there is a strong basis for this protection:

> If a Government official is to devote time to his or her duties,
> and to the formulation of sound and responsible policies, it is
> counterproductive to require the substantial diversion that is
> attendant to participating in litigation and making informed
> decisions as to how it should proceed. Litigation, though
> necessary to ensure that officials comply with the law, exacts
> heavy costs in terms of efficiency and expenditure of
> valuable time and resources that might otherwise be directed
> to the proper execution of the work of the Government. The
> costs of diversion are only magnified when Government
> officials are charged with responding to [the burdens of
> litigation and discovery].

556 U.S. 662, 685 (2009). A trial court must exercise its discretion so that officials are

not subjected to unnecessary and burdensome discovery or trial proceedings."

7

*Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998). "[I]f the defendant does plead [an] immunity defense, the district court should resolve that threshold question before permitting discovery." *Id. at* 597-598.

This is especially true where, as in this matter, Defendants seek dismissal of the entirety of Plaintiff's claims. *See Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) ("[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, [] immunity also provides officials with the valuable protections from the burdens of broad-reaching discovery.") (quoting *Harlow*, 457 U.S. at 818). Given the parties' motions to dismiss could dispose of the entirety of this matter, it would be more appropriate for the Court to rule on the motion to dismiss before the parties engage in costly and potentially unwarranted discovery on the claims.

Defendants will bear substantial burdens absent a stay. Defendants are public entities and employees and are therefore required to use public funds to pay for this case to be litigated. Defendants' motion to dismiss is potentially dispositive of all claims against them. If discovery proceeds while the motions are pending, Defendants will be forced to expend resources on discovery resulting in unnecessary costs to the public.

Here, Plaintiff has nothing but a "general" interest in proceeding expeditiously with discovery, an interest shared by "virtually all plaintiffs" that cannot, on its own, justify proceeding with discovery. *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL1801981, at *2 (D. Colo. May 17, 2012).

Plaintiff does not require discovery to respond to the motion to dismiss because the motion solely raises legal arguments which rely exclusively on allegations in the Complaint. Additionally, the parties exchanged Initial Disclosures on August 25, 2025.

8

Plaintiff therefore has already received substantial discovery. Though a Scheduling Order is in place, no other discovery has occurred or been requested. Thus, there is no discovery that must be handled while the dispositive issues are being determined. Plaintiff will therefore not be prejudiced if a stay is granted.

**2.**     <u>**The interests of the Court and the public weigh in favor of a stay**</u>.

A court will consider its own convenience and the public interest in general when considering a motion to stay discovery. "[T]he district court has the power to stay proceedings … for the purpose of economy and time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citations and quotations omitted). In regard to this litigation, there is no indication that granting a stay of discovery will adversely affect the interests of the public. "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, No. 09-cv-00612-MSK-KMT, 2009 WL 4730744, at *2 (D. Colo. Dec. 2, 2009) (citing Fed.R.Civ.P. 1) (instructing that the federal rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").

"If the case remains 'in a stagnant state' on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court." *Est. of Thakuri,* No. 19-CV-02412-DDD-KLM, 2019 WL 6828306, at *3, *objections overruled*, No. 119CV02412DDDKAS, 2024 WL 1152564 (D. Colo. Feb. 23, 2024). "In those circumstances, scheduling and discovery issues will not be raised until it is clear which claims and which Defendants will be moving forward in this case. It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive

9

motions have been adjudicated." *Id.*

As recognized by the Court in this District "if successful, the motion to dismiss would entirely dispose of the instant action. Given that this proceeding is at the very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay." *Viviano v. Schneider*, No. 17-CV-00235-CMA-STV, 2017 WL 2571606, at *3 (D. Colo. June 14, 2017). A stay of discovery will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court, given Defendants' now-pending motion to dismiss, if granted, will resolve this case in its entirety.

### 3.    Interest of nonparties weighs in favor of a stay.

The interests of nonparties also weigh in favor of a stay given the witnesses involved include non-party City Council members, City Attorney Office personnel, Police Department personnel, Allied Universal Security Services personnel, and any witnesses supporting or refuting Plaintiff's damages. These witnesses will be inconvenienced by discovery that may ultimately be unnecessary should Defendants' motion to dismiss be granted. *Fed. Deposit Ins. Corp. v. Banc of Am. Funding Corp.*, No. 14-CV-00418-PAB-MJW, 2014 WL 1466721, at *2 (D. Colo. Apr. 15, 2014) (interest of non-parties weighs in favor of a stay where "[n]onparties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions if the soon-to-be-filed motion to dismiss is granted in whole or in part.").

**C.    ANTI-SLAPP MOTION TO DISMISS DOES NOT ATLER THE ANALYSIS – THE DECISION TO IMPOSE A STAY REMAINS WITHIN THE COURT'S DISCRETION.**

Although the anti-SLAPP statute, C.R.S. § 13-20-1101(6), imposes a mandatory

stay where a party has filed an anti-SLAPP motion to dismiss, District Courts have held a stay is not mandatory due to pre-emption by federal law in matters before federal court. *Moreau v. United States Olympic & Paralympic Comm.,* 641 F. Supp. 3d 1122, 1131 (D. Colo. 2022). Instead, it remains within the Court's discretion to determine whether discovery should be stayed. *Watson v. Mulcahy*, No. 24-CV-02606-GPG-NRN, 2025 WL 2099991, at *6 (D. Colo. Jan. 31, 2025).

As discussed above, the Supreme Court has held discovery should be stayed when qualified immunity is asserted, even if some claims are not subject to qualified immunity. Because Defendants have asserted qualified immunity, the parties' motions to dismiss could fully dispose of this matter, and no discovery is necessary for a determination on the parties' motions to dismiss, this Court should stay discovery.

## IV.     CONCLUSION

None of the parties are well-served by being involved in the "struggle over the substance of the suit" when, as here, dispositive motions are pending. *Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas*, No. 10-cv-00658-WDM-MEH, 2011 WL 572386, at *3 (D. Colo. Feb. 14, 2011) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources") (citations and quotations omitted). Due to the purely legal nature of the questions at issue, there is no discovery that needs to be handled pending the Court's determination.

**WHEREFORE**, Defendants respectfully request the Court grant their motion to stay discovery, staying all discovery and further proceedings until such time as the

pending dispositive motions have been resolved.

Respectfully submitted,

s/ *Courtney B. Kramer*
**Courtney B. Kramer**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ckramer@sgrllc.com

s/ *Tiffany E. Toomey*
**Tiffany E. Toomey**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ttoomey@sgrllc.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of October, 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification to the following email addresses:

Jamie H. Hubbard
Carey L. Bell, IV
STIMSON LABRANCHE HUBBARD, LLC
Email: bell@slhlegal.com
Email: hubbard@slhlegal.com
*Attorneys for Plaintiff Regan Benson*

 /s/ *Deborah Edwards*
Legal Secretary