## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1-25-CV-1571-RMR-KAS

REGAN BENSON,

     Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
TAMARA NILES, in her individual and official capacity,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity,
CARRIE WATSON, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

     Defendants.

---

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

---

Defendants, through counsel, **SGR, LLC**, hereby submit their Reply in Support of their Motion to Stay Discovery, to Plaintiff's Response, ECF No. 78, as follows:

### I.    INTRODUCTION

A stay of discovery is warranted because the parties' motions to dismiss could dispose of the entirety of this matter and qualified immunity weighs in favor of a stay. The constitutional violations alleged by Plaintiff are fully captured on video, publicly available through her YouTube channel and through the City's website (where City

Council meeting videos are shared), eliminating any need for discovery at this stage. Moreover, the *String Cheese* factors weigh in favor of a stay to conserve judicial, party, and nonparty-witness resources without prejudicing Plaintiff, while serving the purpose of qualified immunity.

Footnote 1 in Plaintiff's Response indicates she inadvertently filed her Response one day late and requests it still be considered. Defendants do not oppose this request.

## II.    ARGUMENT

### A.    DEFENDANTS ARE LIKELY TO PREVAIL ON THEIR MOTION TO DISMISS.

Plaintiff argues Defendants are unlikely to prevail on their Motion to Dismiss because whether Defendants stifled her speech for a constitutionally permissible reason is a factual dispute for the jury. However, Defendants' Motion is not solely based on this defense. *See generally* Motion, ECF No. 50 and Reply ECF No. 75, (official capacity claims duplicative of claims against City, insufficient number of violations to support widespread custom for *Monell* claims, no final policymaker alleged to support *Monell* claims, conspiracy claims not plausibly alleged, lack of personal participation, overbreadth not plausibly alleged, free speech claims duplicative of retaliation claims, etc.). For the reasons outlined in their Motion to Dismiss, ECF No. 50 and Reply, ECF No. 75, Defendants are likely to prevail on dismissal of this matter.

### B.    NO NEED FOR DISCOVERY.

Plaintiff argues Defendants' Motion to Dismiss highlights the need for discovery because it references City Council meetings, Municipal Code, City policies and Standards of Behavior posted on the City's website and includes an introductory

statement about Plaintiff's YouTube content. As these are public records and Plaintiff's own YouTube channel, Plaintiff does not need discovery to access these. Defendants provided links for all references to any public document in their Motion to Dismiss and Reply.

Despite Plaintiff's representation that citing to content from public records is improper in a motion to dismiss, this Court can take judicial notice of public records and does not need to rely on Plaintiff's allegations when they are blatantly contrary. *Petrowsky v. NextEra Energy Res., LLC*, No. 17-1043-EFM-KGG, 2017 WL 2666361, at *6, Footnote 28 (D. Kan. June 21, 2017) ("We may take judicial notice of the City Council's meeting minutes because they are a document in the public record.") (citations and quotations omitted); *id.* ("The minutes and recordings of the City Council meetings are matters of public record and therefore are the types of materials of which a court may take judicial notice.") (citations and quotations omitted).  For example, the Court does not need to give weight to the Complaint's allegations that Defendants refused to allow Plaintiff to speak during City Council meetings on November 12, 2024, and November 15, 2024, when public records show no public comment was held on November 12, 2024, and no City Council meeting was held on November 15, 2024. Defendants provided authority in their Motion to Dismiss that this Court may take judicial notice of public records. *See* Motion to Dismiss, ECF No. 50, p. 4, Footnote 1 ("This Court may take judicial notice of official, public documents on the City's website without converting this Motion into a motion for summary judgment.  *Walker v. Van Laningham,* 148 P.3d 391, 397 (Colo. App. 2006); *Shook v. Pitkin Cnty. Bd. of Cnty.*

*Commissioners,* 411 P.3d 158, 181, ¶ 12, Footnote 4 (Colo. App. 2015)"). Plaintiff had the opportunity to provide authority finding this Court cannot take judicial notice of public records, but did not do so either in her Response to Defendants' Motion to Dismiss or her Response to Defendants' Motion to Stay.

The remainder of Plaintiff's argument focuses on her interaction with the security guard, which Plaintiff videorecorded and currently has posted on her YouTube channel[1]. Plaintiff therefore does not need discovery to understand this interaction, especially given she experienced it.

### C.    QUALIFIED IMMUNITY SUPPORTS STAY.

The Response's argument that the claims subject to qualified immunity and the claims against the City require the same discovery is incorrect.  As reflected in the briefing, the *Monell* claims in this matter hinge on whether Plaintiff can establish either a widespread custom for each alleged violation or that an individual with final policymaker authority committed the alleged violations. In contrast, qualified immunity focuses on each Defendant's own participation in the violations alleged and whether the law was clearly established at the time. Discovery related to the *Monell* claims will focus on City policies and procedures, patterns of similar prior incidents, and the authority of each individual alleged to have committed the violation.

While the Response cites three District Court cases stating otherwise, the "[o]verwhelming case law in this District" instructs the Court to stay discovery "until the issue of qualified immunity is resolved." *Morgan v. Clements*, No. 12-CV-00936-REB-

---

[1] https://www.youtube.com/watch?v=vOaWtuM32KE

KMT, 2013 WL 950876, at *4 (D. Colo. Mar. 12, 2013).   This Court is bound by the Supreme Court's decision in *Iqbal* that discovery cannot continue for claims that are not subject to qualified immunity. *Ashcroft v. Iqbal*, 556 U.S. 662, 685, (2009); *A.A. v. Martinez*, 2012 U.S. Dist. LEXIS 174813, at *3-4 (D. Colo. Oct. 9, 2012) (the Supreme Court "believes discovery should be stayed as a whole" even when only one defendant asserts qualified immunity).

> ### D.    *STRING CHEESE* FACTORS SUPPORT A STAY.

> #### 1.    The relative interests of the parties weigh in favor of a stay.

Plaintiff argues her interests in proceeding expeditiously outweigh the burden on Defendants. Plaintiff argues she has interests in promptly adjudicating her rights, preserving the memory of witnesses, and that this Court will delay resolving the motion to dismiss. Plaintiff has not alleged anything beyond a "general" interest in proceeding expeditiously shared by "virtually all plaintiffs." *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 WL1801981, at *2 (D. Colo. May 17, 2012).   Further, the facts of this case are preserved given *all* alleged violations are on recording in Plaintiff's YouTube videos, City Council meetings, and court transcripts.

As determined by the Supreme Court, none of Plaintiff's interests outweigh the purpose of qualified immunity - to spare Defendants from "unwarranted demands customarily imposed upon those defendant a long drawn-out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Eaton v. Meneley*, 3779 F.3d 949, 954 (10th Cir. 2004); *Iqbal*, 556 U.S. at 685.

2.    **Convenience to the Court, interests of third parties, and the public interests are all served by a stay.**

Plaintiff offers one District Court case from 2014 finding a stale case is not convenient for the Court. *See Patterson v. Santini,* No. 11-cv-01899-RM-KLM, 2014 WL 349085, at *3 (D. Colo. Jan. 31, 2014). However, unlike this matter, in *Patterson*, Judge Mix found the parties spent "more than two and a half years" in motions practice and no discovery had been exchanged. *Id.* at *2-3. Under circumstances analogous to this matter, in *Samuels,* Judge Mix found "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Samuels v. Baldwin*, No. 14-CV-02588-LTB-KLM, 2015 WL 232121, at *3 (D. Colo. Jan. 16, 2015).

The Response's argument that only one paragraph of the Motion to Dismiss addresses qualified immunity overlooks that this paragraph states Plaintiff cannot establish constitutional violations, "[f]or the reasons discussed above," which include argument from pages 2-15. [Motion to Dismiss, ECF No. 50, p. 15].   Regardless, Plaintiff provides no authority that the length of a qualified immunity argument is considered when weighing the *String Cheese* factors.

Lastly, Plaintiff argues the public's interests are not served by a stay because the public has an interest in government accountability. Plaintiff cites to eight cases to support this theory; however, six of these cases make no mention of a stay of discovery or any of the *String Cheese* factors. *See generally Stinnett v. Reg'l Transportation Dist.,* 477 F. Supp. 3d 1187 (D. Colo. 2020);  *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.,* 842 F. Supp. 2d 1303 (D. Colo. 2012); *Irizarry v. Yehia*, 38 F.4th 1282 (10th Cir. 2022); *Pryor v. Sch. Dist. No. 1*, 99 F.4th 1243 (10th Cir. 2024); *Pac. Frontier v.*

*Pleasant Grove City*, 414 F.3d 1221 (10th Cir. 2005); *Nexstar Media, Inc. v. Walters*, 776 F. Supp. 3d 1053 (W.D. Okla. 2024).   In the seventh case, *Morgan,* a stay was granted, even though the Court found public interest weighed against a stay where the complaint included allegations that the Department of Corrections "persists" in constitutional violations. *Morgan v. Clements*, No. 12-CV-00936-REB-KMT, 2013 WL 950876, at *5 (D. Colo. Mar. 12, 2013).   By contrast, in this matter, Plaintiff alleges violations that did not continue beyond 2024 and the Complaint specifically alleges the violations rarely occur. [Complaint (¶ 70: "Mr. Ellegan ... was not aware of any prohibition on recording others in the public spaces of the Civic Center) (¶ 81: "the Englewood City Council had never interrupted or removed a speaker") (¶ 97: "Englewood police would not normally charge someone with those offenses under similar circumstances")].  The eighth case, *Tanner,* is procedurally dissimilar and inapplicable to this matter. *Tanner v. Campbell*, No. 21-CV-02340-CMA-NRN, 2022 WL 344897, at *1 (D. Colo. Feb. 4, 2022). The *Tanner* court simultaneously denied defendants' motions to dismiss and lifted the stay that was previously in place[2]. *Id.* Plaintiff has not provided any case law overcoming the authority provided by Defendants, that public interest is served by avoiding unnecessary expenses. *Adams v. Wiley*, No. 09-cv-00612-MSK-KMT, 2009 WL 4730744, at *2 (D. Colo. Dec. 2, 2009).

Plaintiff did not respond to Defendants' argument that the interests of nonparty-

---

[2] A review of the court filings in *Tanner v. Campbell, et al.,* Civil Action No. 1-25-CV-1571-RMR-KAS,  indicates Judge Neureiter granted in part defendants' motion to stay based on qualified immunity and subsequently lifted the stay upon recommending denial of the motion to dismiss. Judge Arguello adopted both recommendations over objections. *Tanner*, 2022 WL 4008045, at *7.

witnesses weigh in favor of a stay. Defendants therefore presume Plaintiff concedes the same. *Rosales v. Bd. of Regents of the Univ. of Oklahoma*, No. CIV-15- 560-R, 2015 WL 4644832, at *1, Footnote 2 (W.D. Okla. Aug. 4, 2015).

**WHEREFORE**, for the reasons herein and in their Motion, ECF No. 67, Defendants respectfully request the Court grant their motion to stay discovery.

Respectfully submitted,

s/ *Eric M. Ziporin*
**Eric M. Ziporin**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: eziporin@sgrllc.com

s/ *Tiffany E. Toomey*
**Tiffany E. Toomey**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ttoomey@sgrllc.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 12th day of November, 2025, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY** with the Clerk of Court using the CM/ECF system which will send notification to the following email addresses:

Jamie H. Hubbard
Carey L. Bell, IV
STIMSON LABRANCHE HUBBARD, LLC
Email: bell@slhlegal.com
Email: hubbard@slhlegal.com
*Attorneys for Plaintiff Regan Benson*

                                   */s/ Marial Juniper*
                                   Legal Secretary