IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01571-RMR-KAS

REGAN BENSON,

    Plaintiff/Counter Defendant,

v.

TAMARA NILES, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity,

    Defendants/Counter Claimants

and

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity, and
CARRIE WATSON, in her individual and official capacity.

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Defendants' **Motion to Stay Discovery** [#67] (the "Motion"). Plaintiff filed a Response [#78] and Defendants filed a Reply [#80]. The Court has considered the Motion and related briefing, the entire case file, and the applicable case law. For the following reasons, the Court **GRANTS** the Motion.

## I.  Background

In this civil rights action, Plaintiff sues the City of Englewood and ten Defendant employees for First Amendment violations pursuant to 42 U.S.C. § 1983. *See First Am. Compl.* [#36]. In response to the operative complaint, Defendants filed a Motion to Dismiss all claims pursuant to FED. R. CIV. P. 12(b)(6), which awaits adjudication. *See Motion to Dismiss* [#50]. Two of the Defendant employees assert a counterclaim of defamation against Plaintiff. *See Am. Counterclaim* [#59]. Plaintiff filed a Special Motion to Dismiss [#69] the counterclaim under Colorado's anti-SLAPP law, Colo. Rev. Stat. § 13-20-1101.

Defendants now seek a full stay of discovery in this action until the pending Motions to Dismiss [#50, #69] are adjudicated. Defendants' Motion to Dismiss [#50] raises the defense of qualified immunity with respect to all federal individual capacity claims, and they argue that issue should be adjudicated prior to proceeding to discovery. *Motion* [#67] at 3-6. Defendants further argue that the five factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006), favor a stay. *Id.* at 6-10.

In response, Plaintiff argues that a stay is not warranted because Defendants are unlikely to prevail on their Motion to Dismiss [#50]. *Response* [#78] at 4. Further, Plaintiff argues that a stay is inappropriate because she asserts claims against the City, which is not entitled to qualified immunity, and a state law claim against two Defendant employees who are similarly not entitled to qualified immunity. *Id.* 5-7.

2

## II. Analysis

### A. Whether to Grant a Partial or Full Stay of Discovery, if a Stay is Granted

Courts generally prefer to resolve questions of jurisdiction and immunity at the earliest stages of litigation to conserve the courts' and the parties' time and resources. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming stay of discovery pending resolution of absolute immunity). "Qualified immunity, no less than absolute immunity, invokes the protection to be free from discovery: 'Until this threshold immunity question is resolved, discovery should not be allowed.'" *Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 WL 5957126, at *3 (D. Colo. Sept. 13, 2023) (emphasis omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Courts in this District have recognized that "discovery should not proceed until threshold immunity questions are resolved even if not every claim or defendant raises an immunity defense." *Id.* at *5 (emphasis omitted); *see*, *e.g.*, *Handy v. City of Aurora*, No. 24-cv-03082-DDD-CYC, 2025 WL 1939556, at *2 (D. Colo. July 15, 2025); *Cook v. Whyde*, No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021); *Lincoln v. Maketa*, No. 15-cv-00423-CMA-KMT, 2015 WL 3413271, at *1, 3 (D. Colo. May 28, 2015). However, this approach is not uniform throughout the District. *See*, *e.g.*, *Taylor v. Armor Corr. Health Servs., Inc.*, No. 20-cv-01406-WJM-NYW, 2020 WL 13850254, at *4 (D. Colo. Sept. 30, 2020) (reasoning that governmental defendants could not "piggyback on the [i]ndividual [d]efendants' assertion of immunity to postpone their own

3

discovery obligations given the distinction between the different theories of liability raised by [the] [p]laintiff").

The Court agrees, as a practical matter, that Defendants are not automatically entitled to a blanket stay of discovery merely because the Defendant employees assert an immunity defense. However, in this case, the Supreme Court's guidance in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) supports a stay of discovery on all claims, even where an immunity defense has not been raised. *See Est. of Deweese v. Hancock*, No. 24-cv-00960-DDD-NRN, 2024 WL 4333366, at *5 (D. Colo. Sept. 27, 2024) ("[T]he fact that certain claims may not be subject to a qualified immunity defense is not a good reason for allowing discovery to proceed in the face of a legitimate, plausible qualified immunity defense[.]"). Allowing a partial stay of discovery would not necessarily free the immunity-asserting defendants from the burdens of discovery because, at the very least, they may need "to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Iqbal*, 556 U.S. at 685.

Although Colorado's anti-SLAPP law mandates a stay of discovery pending resolution of the special motion to dismiss, *see* Colo. Rev. Stat. § 13-20-1101(6), "in this District, the filing of the special motion to dismiss pursuant to Colorado's anti-SLAPP statute does not automatically stay discovery[.]" *Watson v. Mulcahy*, No. 24-cv-02606-GPG-NRN, 2025 WL 2099991, at *7 (D. Colo. Jan. 31, 2025). "Instead, a requested stay or limitation of discovery pending a ruling on a special anti-SLAPP motion to dismiss should be analyzed under the standards articulated" in *String Cheese Incident*. *Id*.

Thus, the Court turns to analyzing the *String Cheese Incident* factors.

4

B.     *String Cheese Incident* Factors

Although the stay of proceedings in a case is generally disfavored, a court "has broad discretion in managing its docket, which includes decisions regarding issuing stays for all or part of a proceeding." *White Knuckle, IP, LLC v. Elec. Arts Inc.*, No. 1:15-cv-00036-DN-BCW, 2015 WL 5022579, at *1 (D. Utah Aug. 24, 2015). In exercising its discretion, the Court considers the following factors: (1) the plaintiff's interest in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants by proceeding with discovery; (3) the convenience to the court; (4) nonparties' interests in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Regarding the first *String Cheese Incident* factor, the Court acknowledges that Plaintiff has a general interest in expeditious litigation and proceeding with discovery. *See, e.g.*, *Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). Plaintiff argues that "[t]he longer [she] must wait to obtain discovery, the more likely its value will be diluted[.]" *Response* [#78] at 8. Defendants contend that Plaintiff will suffer no prejudice because the underlying incidents giving rise to the lawsuit have been memorialized on film. *Hancock*, 2024 WL 4333366, at *4 (finding a threat of loss "less serious" where facts of the case were documented by body cameras, law enforcement officers, and third-party videos). On balance, the Court finds Plaintiff's interest in proceeding with discovery weighs against a stay.

Regarding the second *String Cheese Incident* factor, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action, and this is even more true when, as here, the preliminary motions raise issues of immunity. *See Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *2-3 (D. Colo. Feb. 18, 2021) (jurisdiction); *Casias v. City of Pueblo*, No. 20-cv-02545-WJM-KMT, 2021 WL 11449170, at *1 (D. Colo. Mar. 10, 2021) (qualified immunity). Importantly, qualified immunity is not merely a defense to liability, it is a limited "entitlement not to stand trial or face the other burdens of litigation." *Iqbal*, 556 U.S. at 672 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Indeed, the burden placed on defendants "proceeding in litigation during the pendency of jurisdictional and immunity issues is well-observed by the federal courts." *Strom*, 2021 WL 5561724, at *3. Should the District Judge grant the Motion to Dismiss [#50] and decline to exercise supplemental jurisdiction over the remaining state law claim, any discovery that the parties would have conducted up to that point would be rendered futile and a waste of time and resources. This is especially true if the District Judge grants qualified immunity to the Defendant employees upon finding that they did not violate the constitution and, by extension, finds no *Monell* liability. Defendants would undoubtedly be prejudiced if they were forced to engage in discovery if their Motion to Dismiss [#50] is ultimately granted. *String Cheese Incident*, 2006 WL 894955, at *2. Therefore, the Court finds that the second factor weighs in favor of a stay.

The third *String Cheese Incident* factor, convenience to the Court, also weighs in favor of a stay. The Court recognizes that it is "inconvenienced by an *ill-advised stay* because the delay in prosecuting the case . . . makes the Court's docket less predictable and, hence, less manageable." *McGinn v. El Paso Cnty., Colo.*, 640 F. Supp. 3d. 1070,

6

1076 (D. Colo. Nov. 14, 2022) (quoting *Lester v. Gene Express, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010)) (emphasis added). However, "every motion to stay comes with different considerations[.]" *Id.* Where "the pending motion to dismiss may result in the resolution of this case in its entirety, . . . a stay may prevent a waste of judicial time and resources in handling discovery disputes regarding claims and parties that are subject to dismissal." *Ashaheed v. Currington*, No. 17-cv-03002-WJM-SKC, 2019 WL 11690136, at *2 (D. Colo. Nov. 4, 2019). Here, the state law claim largely mirrors the federal claims. Therefore, if only a partial stay were granted, "it would be particularly difficult to distinguish between discovery related to claims that may be subject to [ ] immunity, and those that are not." *See Thompson v. Williams*, No. 21-cv-00602-RM-KMT, 2021 WL 4748663, at *6 (D. Colo. Oct. 12, 2021). Accordingly, the Court finds this factor weighs in favor of a stay.

Regarding the fourth *String Cheese Incident* factor, the interests of nonparties, Plaintiff asserts that a "delay in normal court proceedings . . . harms the interests of third parties and the public interest." *Response* [#78] at 11. However, these "third parties" are not specifically identified, and the Court is otherwise unaware of their identities. Defendants, in contrast, identify the interests of prospective witnesses in the case and argue that they will be "inconvenienced by discovery that may ultimately be unnecessary." *Motion* [#67] at 10. *See Fed. Deposit Ins. Corp. v. Banc of Am. Funding Corp.*, No. 14-CV-00418-PAB-MJW, 2014 WL 1466721, at *2 (D. Colo. Apr. 15, 2014) ("Non-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions if the soon-to-be-filed motion to dismiss is granted in whole or in part."). Accordingly, the fourth *String Cheese Incident* factor weighs in favor of staying discovery.

Finally, with respect to the fifth and final *String Cheese Incident* factor, "there is a general public interest in the speedy resolution of legal disputes" but "there is also a strong public policy in 'avoiding unnecessary expenditures of public and private resources on litigation.'" *Ashaheed*, 2019 WL 11690136, at *3 (quoting *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015) and citing *Waisanen v. Terracon Consultants, Inc.*, No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009)). Defendants argue a stay will promote the public's interest to avoid judicial waste and expenses, whereas Plaintiff contends that the public interest favors "prompt vindication of free speech rights." *Motion* [#67] at 9-10; *Response* [#78] at 13. While litigation is "necessary to ensure that officials comply with the law, [it] exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government." *Iqbal*, 556 U.S. at 685. In general, "[t]he public has a strong interest . . . [in] [a]voiding wasteful efforts by the court and litigants[.]" *Colo. Access v. Atl. Specialty Ins. Co.*, No. 21-cv-02913-NYW, 2022 WL 3716518, at *4 (D. Colo. Aug. 29, 2022). Thus, this factor weighs in favor of a stay.

Having balanced all five factors, the Court finds that a stay of discovery pending resolution of the Defendants' Motion to Dismiss [#50] and Plaintiff's Special Motion to Dismiss [#69] is warranted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#67] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery in this matter is **STAYED** pending resolution of the Defendants' Motion to Dismiss [#50] and Plaintiff's Special Motion to Dismiss [#69].

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report within seven days of a ruling on either Defendants' Motion to Dismiss [#50] or Plaintiff's Special Motion to Dismiss [#69], if any portion of the case remains pending, to advise if a Status Conference should be set.

Dated: January 15, 2026     BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge