IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 25-cv-1571-RMR-KAS

REGAN BENSON,

      Plaintiff/Counter Defendant,

v.

TAMARA NILES, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity,

      Defendants/ Counter Claimants,

and

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
OTHONIEL SIERRA, in his individual and official capacity,
JOE ANDERSON, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity, and
CARRIE WATSON, in her individual and official capacity,

      Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

      This matter is before the Court on the Recommendation of United States Magistrate Judge, entered on February 17, 2026, ECF No. 83, addressing Defendants' Motion to Dismiss First Amended Complaint, ECF No. 50. Magistrate Judge Kathryn A.

Starnella recommends that the Motion to Dismiss be granted in part and denied in part. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Even if the Court were to consider the issue de novo, the Court agrees with the Recommendation and finds that it accurately sets forth and applies the appropriate legal standard.

Additionally, the Tenth Circuit has "adopted a firm waiver rule providing that the failure to make timely objections to a magistrate judge's recommendations waives appellate review of both factual and legal questions." *Meier v. Aspen Acad.*, No. 24-1372, 2025 WL 2555832, at *1 (10th Cir. Sept. 5, 2025) (citing *Allman v. Colvin*, 813 F.3d 1326, 1329 (10th Cir. 2016)). There are only two exceptions to this rule: when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed R. Civ. P. 72(b).

object, or when (2) the interests of justice require review. *Id.* (citing *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005)). Neither exception applies in this case.

Accordingly, it is **ORDERED** as follows:

1) The Recommendation of the United States Magistrate Judge, ECF No. 83, is **ACCEPTED and ADOPTED**;

2) Defendants' Motion to Dismiss First Amended Complaint, ECF No. 50, is **GRANTED IN PART and DENIED IN PART**. Defendants' Motion to Dismiss is:

    a. **DENIED** as to Claim 1 against the City and Defendants Barnett, Lafferty, Mulder, Niles, and Renteria in their individual capacities and **GRANTED** as to Claim 1 against Defendant Watson in her individual and official capacities;

        i. Claim 1 is **DISMISSED WITHOUT PREJUDICE** as to Defendant Watson;

    b. **DENIED** as to Claim 2 (retaliatory arrest) against the City and Defendants Niles, Renteria, Barnett, Lafferty, Mulder, and Glee in their individual capacities, and **GRANTED** as to Claim 2 (retaliatory prosecution) against Defendants Niles, Renteria, Barnett, Lafferty, Mulder, and Glee;

        i. The retaliatory prosecution portion of Claim 2 is **DISMISSED WITHOUT PREJUDICE**;

c. **DENIED** as to Claim 3 against the City and Defendants Niles and Glee in their individual capacities and **GRANTED** as to Claim 3 against Defendants Sierra and Anderson in their individual capacities

   i. Claim 3 is **DISMISSED WITHOUT PREJUDICE** as to Defendants Sierra and Anderson;

d. **DENIED** as to Claim 4 against the City and Defendant Niles in her individual capacity and **GRANTED** as to Claim 4 against Defendants Sierra and Anderson in their individual capacities;

   i. Claim 4 is **DISMISSED WTIHOUT PREJUDICE** as to Defendants Sierra and Anderson;

e. **DENIED** as to Claim 6 against the City and Defendants Barnett, Lafferty, Mulder, Glee, Niles, and Renteria in their individual capacities and **GRANTED** as to Claim 6 against Defendants Watson, Sierra, Anderson, and Lewis in their individual capacities;

   i. Claim 6 is **DISMISSED WITHOUT PREJUDICE** as to Defendants Watson, Sierra, Anderson, and Lewis;

f. **DENIED** as to Claims 5, 7, and 11;

g. **GRANTED** as to Claims 8-10

   i. Claims 8-10 are **DISMISSED WITHOUT PREJUDICE**;

h. **GRANTED** as to the official capacity claims against individual Defendants.

DATED:  March 5, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge