IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1-25-CV-1571-RMR-KAS

REGAN BENSON,

     Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation, et al.

     Defendants.

---

## DEFENDANTS' ANSWER

---

Defendants[1], through counsel, **SGR, LLC**, and pursuant to C.R.C.P. 8 and 12, hereby respond to Plaintiff's First Amended Complaint and Jury Demand, ECF No. 36 ("Complaint"), as follows:

## I.    ANSWER

1.    Paragraph 1 of the Complaint does not comply with Rule 8's requirement that "[e]ach allegation must be simple, concise, and direct." *See* F.R.C.P. 8(d)(1). As such, no response is required. To the extent a response is required, Defendants deny Plaintiff's alleged advocacy is related to protecting the homeless, as the vast majority of her communication consists of abusive yelling and name-calling and does not address homelessness advocacy. Defendants admit Plaintiff has submitted records requests to the City. Defendants deny they engaged in any effort to stifle Plaintiff's alleged advocacy.

---

[1] This Answer addresses only the remaining Defendants and claims.

Defendants admit Plaintiff was excluded from the library for harassing a security guard. Defendants admit Plaintiff was charged on two occasions as a result of her engagement in criminal activity. Defendants deny the enactment of the policy referenced resulted from Plaintiff's alleged recording activity. Defendants deny Plaintiff was prevented from speaking at City Council meetings for any unconstitutional reason. Defendants deny they violated Plaintiff's First Amendment rights. Defendants deny any remaining allegations in paragraph 1.

2.      With respect to the allegations in paragraph 2 of the Complaint, Defendants do not contest jurisdiction at this time. Defendants deny Plaintiff is entitled to relief sought pursuant to the referenced authority. Defendants deny any remaining allegations in paragraph 2.

3.      With respect to the allegations in paragraph 3 of the Complaint, Defendants do not contest jurisdiction at this time. Defendants admit the allegations in paragraph 3.

4.      With respect to the allegations in paragraph 4 of the Complaint, Defendants do not contest venue. Defendants admit the allegations in paragraph 4.

5.      With respect to the allegations in paragraph 5 of the Complaint, Defendants lack sufficient information to admit or deny Plaintiff's citizenship and residency and, as such, deny the same. Defendants deny Helping Hands for Dignity's nonprofit status is proper, given that she uses the alleged charity for personal expenses, which invalidates nonprofit status pursuant to I.R.C. § 501(c)(3) (no tax-exempt status where "part of the net earnings of which inures to the benefit of any private shareholder or individual"). Defendants deny any remaining allegations in paragraph 5.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      With respect to the allegations in paragraph 7 of the Complaint, Defendants deny Defendant Niles is named in her official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 7.

8.      With respect to the allegations in paragraph 8 of the Complaint, Defendants deny Defendant Sierra is named in his official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 8.

9.      With respect to the allegations in paragraph 9 of the Complaint, Defendants deny Defendant Anderson is named in this matter, as he is now dismissed. Defendants admit the remaining allegations in paragraph 9.

10.     With respect to the allegations in paragraph 10 of the Complaint, Defendants deny Defendant Renteria is named in his official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 10.

11.     With respect to the allegations in paragraph 11 of the Complaint, Defendants deny Defendant Lafferty is named in her official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 11.

12.     With respect to the allegations in paragraph 12 of the Complaint, Defendants deny Defendant Barnett is named in her official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 12.

13.     With respect to the allegations in paragraph 13 of the Complaint, Defendants deny Defendant Watson is named in this matter, as she is now dismissed. Defendants deny Defendant Watson supervised the library at the time of the allegations.

3

Defendants deny any remaining allegations in paragraph 13.

14.     With respect to the allegations in paragraph 14 of the Complaint, Defendants deny Defendant Lewis is named in his official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 14.

15.     With respect to the allegations in paragraph 15 of the Complaint, Defendants deny Defendant Mulder is named in her official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 15.

16.     With respect to the allegations in paragraph 16 of the Complaint, Defendants deny Defendant Glee is named in his official capacity, as that claim is now dismissed. Defendants admit the remaining allegations in paragraph 16.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.     Defendants admit the allegations in paragraph 18 of the Complaint.

19.     Defendants lack sufficient information to admit or deny the allegations in paragraph 19 of the Complaint and, as such, deny the same.

20.     Defendants lack sufficient information to admit or deny the allegations in paragraph 20 of the Complaint and, as such, deny the same.

21.     With respect to the allegations in paragraph 21 of the Complaint, Defendants admit Plaintiff often attends Englewood City Council meetings. Defendants deny Plaintiff frequently advocates on behalf of homeless individuals, given the majority of her communication consists of abusive yelling and name-calling and does not address homelessness advocacy.  Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 21 and, as such, deny the same.

4

22.    With respect to the allegations in paragraph 22 of the Complaint, Defendants admit Plaintiff often contacts City employees, typically for the purpose of insulting them. Defendants deny all remaining allegations in paragraph 22.

23.    Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 23 of the Complaint and, as such, deny the same.

24.    Defendants lack personal knowledge to admit or deny the allegations in paragraph 24 of the Complaint and, as such, deny the same. Defendants admit that Plaintiff's YouTube videos appear to show her at times recording herself at the Civic Center and interacting with public officials. Defendants deny any remaining allegations in paragraph 24.

25.    Defendants deny the allegations in paragraph 25 of the Complaint.

26.    Defendants lack sufficient information to admit or deny the allegations in paragraph 26 of the Complaint and, as such, deny the same.

27.    Defendants lack sufficient information to admit or deny the allegations in paragraph 27 of the Complaint and, as such, deny the same.

28.    With respect to the allegations in paragraph 28 of the Complaint, Defendants admit Plaintiff submitted CORA and CCJRA requests for documents, including body-worn camera. Defendants admit Plaintiff often livestreams on her YouTube channel in the Civic Center.  Defendants deny the remaining allegations as Plaintiff did not engage in any productive or actionable communication about "how to make things better" and instead engaged in yelling and name-calling.

29.    With respect to the allegations in paragraph 29 of the Complaint,

Defendants admit Plaintiff frequently engaged with and recorded City officials on her YouTube channel. Defendants deny the remaining allegations as Plaintiff did not engage in any productive or actionable communication about "her views" and instead engaged in yelling and name-calling; indeed, Defendants are unaware of the views held by Plaintiff other than the names she calls them.

30.    Defendants deny Plaintiff's primary purpose in recording government officials is accountability. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 30 of the Complaint and, as such, deny the same.

31.    Defendants deny all allegations in paragraph 31 of the Complaint.

32.    Defendants admit the allegations in paragraph 32 of the Complaint.

33.    With respect to the allegations in paragraph 33 of the Complaint, Defendants admit a policy was implemented for the public to provide their names before using the restroom, in response to methamphetamine use occurring in the restroom to such a degree that the library had to be closed and remediated on two occasions due to methamphetamine contamination. Defendants deny that members of the public were prevented from using the restroom if they did not provide their names; for example, if a name was not provided, librarians would list the individual as "man red hat." Defendants deny the remaining allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34 of the Complaint.

35.    Defendants admit the allegations in paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint as to themselves. Defendants lack sufficient information to admit or deny the allegations as to

other Englewood employees and, as such, deny the same.

37.    With respect to the allegations in paragraph 37 of the Complaint, Defendants lack sufficient information to admit or deny whether Plaintiff was searching for someone on January 6, 2024, and as such deny the same. Defendants deny the remaining allegations in paragraph 37, which are contradicted by Plaintiff's allegations that she used the public restroom.

38.    With respect to the allegations in paragraph 38, Defendants admit they generally recall Plaintiff addressing bathroom access. Defendants are without sufficient information to admit or deny the remaining allegations and, as such, deny the same.

39.    Defendants admit the allegations in paragraph 39 of the Complaint.

40.    Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 40 of the Complaint and, as such, deny the same.

41.    With respect to the allegations in paragraph 41 of the Complaint, Defendants deny any policy change was related to any request by Plaintiff for body-worn camera. Defendants lack sufficient information to admit or deny the remaining allegations and, as such, deny the same.

42.    With respect to the allegations in paragraph 42 of the Complaint, Defendants deny the City violated CORA with respect to Plaintiff's requests. Defendants lack sufficient information to admit or deny the remaining allegations and, as such, deny the same.

43.    Defendants lack sufficient information to admit or deny the allegations in paragraph 43 of the Complaint and, as such, deny the same.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants lack sufficient information to admit or deny the allegations in paragraph 45 of the Complaint and, as such, deny the same.

46.    Defendants lack sufficient information to admit or deny the allegations in paragraph 46 of the Complaint and, as such, deny the same.

47.    With respect to the allegations in paragraph 47 of the Complaint, Defendants admit Plaintiff recorded part of her interaction with Ellegan. Defendants admit Plaintiff followed Ellegan around to different parts of the Civic Center despite his repeated requests that she stop following him and that he felt unsafe. Defendants admit Plaintiff followed Ellegan outside of the building while he was on break and recorded him in an employee's only area of the Civic Center. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 47 and, as such, deny the same.

48.    With respect to the allegations in paragraph 48 of the Complaint, Defendants deny that the entire interaction occurred in public areas, given that a YouTube video shows Ellegan entering an employee's only door while being filmed by Plaintiff. Defendants deny Ellegan was enforcing the alleged City policy or practice during the interaction, given that Plaintiff was permitted to use the restroom and the interaction occurred at times when Ellegan was on break. Defendants admit Ellegan was at times on duty as a security guard at the Civic Center during the interaction. Defendants deny that preventing Plaintiff from using the restroom without signing her name would have aligned with City policy or practice or have been on behalf of the City. Defendants deny any remaining allegations in paragraph 48.

49.    Defendants lack sufficient information to admit or deny the allegations in paragraph 49 of the Complaint and, as such, deny the same.

50.    With respect to the allegations in paragraph 50 of the Complaint, Defendants admit Defendant Lafferty threw away the literature Plaintiff handed to her. Defendants admit Defendant Lafferty stated Plaintiff was part of the problem if she could not discuss solutions in a productive manner, and deny this interaction is accurately characterized in paragraph 50. Defendants deny all remaining allegations in paragraph 50.

51.    With respect to the allegations in paragraph 51 of the Complaint, Defendants admit Defendants Lafferty and Barnett have seen Plaintiff's YouTube channel and watched the video showing Plaintiff's harassment of Ellegan. Defendants lack sufficient information to admit or deny the remaining allegations and, as such, deny the same.

52.    With respect to the allegations in paragraph 52 of the Complaint, Defendants deny they took any action to punish Plaintiff for her expressive activity. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, the cited cases speak for themselves. To the extent Plaintiff has mischaracterized or misstated those cases, Defendants deny the same. Defendants deny any remaining allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53 of the Complaint.

54.    Defendants deny the allegations in paragraph 54 of the Complaint.

55.    With respect to the allegations in paragraph 55 of the Complaint,

Defendants admit Defendant Mulder interviewed Defendants Lafferty and Barnett as part of her investigation. Defendants admit Defendant Lafferty referred to Plaintiff as a known menace based on her harassing and bullying actions. Defendants deny Defendant Lafferty's comment related in any way to Plaintiff's homeless advocacy. Defendants deny Defendants Lafferty and Barnett disapproved of homelessness advocacy. Defendants admit that Defendants Lafferty and Barnett attempted to collaborate with Plaintiff on a free food pantry at the library for the homeless community, but Plaintiff declined to offer any help. Defendants admit they subsequently attempted to collaborate with Plaintiff on a task force to assist the homeless community, and Plaintiff again declined to help. Defendants deny all remaining allegations in paragraph 55.

56.    With respect to the allegations in paragraph 56 of the Complaint, Defendants deny Defendant Mulder told the librarians to issue an exclusion order for any reason other than her harassing conduct. Defendants admit Defendant Mulder told the librarians to treat Plaintiff the same as anyone else, given that the librarians were scared to enforce policies against Plaintiff due to concerns arising from her retaliatory and litigious behavior. Defendants deny all remaining allegations in paragraph 56.

57.    With respect to the allegations in paragraph 57 of the Complaint, Defendants admit that as captured on video, Ellegan stated he was afraid of Plaintiff when she continued to follow him into different areas of the Civic Center stating, "I feel unsafe with you" and "you are harassing me and I will call the police on you if you keep harassing me." Defendants admit Ellegan told Plaintiff he would report her to the police and, as such, deny he had no intention of doing so. Defendants lack sufficient information to admit

10

or deny how Ellegan testified and, as such, deny the same. Defendants deny all remaining allegations in paragraph 57.

58.     With respect to the allegations in paragraph 58 of the Complaint, Defendants admit Ellegan called dispatch and reported Plaintiff had followed him around the Civic Center building and recorded him. Defendants deny the remaining allegations in paragraph 58.

59.     With respect to the allegations in paragraph 59 of the Complaint, Defendants admit Defendant Glee was assigned to investigate and authored an affidavit of probable cause and arrest warrant. Defendants deny the remaining allegations in paragraph 59.

60.     With respect to the allegations in paragraph 60 of the Complaint, Defendants admit a Complaint and Information dated March 18, 2024, contained two counts of harassment in violation of C.R.S. § 18-9-111 arising from her harassment of Ellegan. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 60 and, as such, deny the same.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     With respect to the allegations in paragraph 64 of the Complaint, the exclusion notice speaks for itself. To the extent Plaintiff has mischaracterized or misstated the exclusion notice, Defendants deny the same. Defendants deny Defendant Watson issued the notice, as she did not author it and merely served it. Defendants deny any

11

remaining allegations in paragraph 64.

65.     Defendants lack sufficient information to admit or deny the allegations in paragraph 65 of the Complaint and, as such, deny the same.

66.     Defendants lack sufficient information to admit or deny the allegations in paragraph 66 of the Complaint and, as such, deny the same.

67.     Defendants lack sufficient information to admit or deny the allegations in paragraph 67 of the Complaint and, as such, deny the same.

68.     Defendants lack sufficient information to admit or deny the allegations in paragraph 68 of the Complaint and, as such, deny the same.

69.     Defendants lack sufficient information to admit or deny the allegations in paragraph 69 of the Complaint and, as such, deny the same.

70.     Defendants lack sufficient information to admit or deny the allegations in paragraph 70 of the Complaint and, as such, deny the same.

71.     Defendants lack sufficient information to admit or deny the allegations in paragraph 71 of the Complaint and, as such, deny the same.

72.     With respect to the allegations in paragraph 72 of the Complaint, Defendants admit Defendant Lafferty complained to YouTube that Plaintiff doxxed her by posting a video with her private identifying information, including her name and phone number. Defendants deny Plaintiff's video was removed and admit Defendant Lafferty's phone number and name were instead muted out of the video. Defendants admit the video took place in the Civic Center. Defendants deny any remaining allegations in paragraph 72.

73.    With respect to the allegations in paragraph 73 of the Complaint, Defendants admit Plaintiff was charged for statutory violations. Defendants deny the remaining allegations in paragraph 73.

74.    With respect to the allegations in paragraph 74 of the Complaint, the City of Englewood City Council Policies speak for themselves[2]. To the extent Plaintiff has mischaracterized or misstated those policies, Defendants deny the same. Defendants deny any remaining allegations in paragraph 74.

75.    Defendants admit the allegations in paragraph 75 of the Complaint.

76.    Defendants admit the allegations in paragraph 76 of the Complaint.

77.    Defendants admit the allegations in paragraph 77 of the Complaint.

78.    Defendants deny the allegations in paragraph 78 of the Complaint, given that there are numerous reasons a speaker's permission to speak may be revoked.

79.    Defendants deny the allegations in paragraph 79 of the Complaint.

80.    With respect to the allegations in paragraph 80 of the Complaint, Defendants admit Plaintiff often refused to provide correct geographical information during public comment. Defendants lack sufficient information to admit or deny the remaining allegations and, as such, deny the same.

81.    With respect to the allegations in paragraph 81 of the Complaint, Defendants admit other speakers have been allowed to provide their names anonymously to protect individuals who may require anonymity for safety reasons. Defendants deny Plaintiff is the only speaker who has ever been removed or excluded from City Council

---

[2] *See* City of Englewood City Council Policies,  LINK

13

meetings for causing a disturbance. Defendants admit that no other speaker has caused disturbances as frequently or as severely as Plaintiff. Defendants deny any remaining allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     With respect to the allegations in paragraph 83 of the Complaint, Defendants admit Plaintiff signed up to make public comment and refused to provide her address or cross streets in violation of City Code and policy. Defendants admit Defendant Niles and the Mayor were present at this October 7, 2024 City Council meeting. With regard to who presides over the meeting, the Englewood City Council Policies speak for themselves. To the extent Plaintiff has mischaracterized or misstated those policies, Defendants deny the same. Defendants deny all remaining allegations in paragraph 83.

84.     With respect to the allegations in paragraph 84 of the Complaint, Defendants deny Plaintiff had continued permission to speak as that permission was revoked when she refused to comply with City Code and policy and was repeatedly asked to stop talking and leave. Defendants admit the remaining allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     With respect to the allegations in paragraph 86 of the Complaint, Defendants admit Defendant Sierra asked Plaintiff to provide her address and cross streets multiple times. Defendants admit Plaintiff refused to provide the same and began yelling over Defendant Sierra. Defendants admit Plaintiff stated she would continue to make her public comment uninterrupted. Defendants deny any remaining allegations in

14

paragraph 86.

87.     Defendants deny the allegations in paragraph 87 of the Complaint, given that Plaintiff was violating City Code and policy.

88.     With respect to the allegations in paragraph 88 of the Complaint, Defendants admit Plaintiff repeatedly ignored Defendant Sierra's call to order. Defendants admit Plaintiff repeatedly ignored Defendant Sierra's requests for her to stop speaking. Defendants admit the majority of City Council members left the room to determine how to control the situation, while some members remained. Regarding the timing of her comment, the video of this City Council meeting speaks for itself[3]. To the extent Plaintiff has mischaracterized or misstated the video, Defendants deny the same. Defendants deny any remaining allegations in paragraph 88.

89.     Defendants admit the allegations in paragraph 89 of the Complaint.

90.     With respect to the allegations in paragraph 90 of the Complaint, Defendants admit Plaintiff continued her comment while some of the City Council members were not in the room. Defendants admit Plaintiff used her time to complain about her criminal case. Defendants admit Plaintiff gave public comment for at least 4 minutes, exceeding the three minutes she is permitted. Defendants deny the remaining allegations in paragraph 90.

91.     Defendants admit the allegations in paragraph 91 of the Complaint.

92.     With respect to the allegations in paragraph 92 of the Complaint, Defendants admit Plaintiff refused to leave the City Council meeting despite being asked

---

[3] https://englewoodgov.civicweb.net/document/426932/?splitscreen=true&media=true

by Defendant Sierra several times in violation of C.R.S. § 18-9-110. Defendants lack sufficient information to admit or deny the remaining allegations and, as such, deny the same.

93.    Defendants lack sufficient information to admit or deny the allegations in paragraph 93 of the Complaint.

94.    Defendants deny the allegations in paragraph 94 of the Complaint.

95.    With respect to the allegations in paragraph 95 of the Complaint, Defendants admit Defendant Niles authored a witness statement. Defendants deny it contained any inaccurate statements. Defendants deny the remaining allegations in paragraph 95.

96.    With respect to the allegations in paragraph 96 of the Complaint, Defendants deny Defendant Glee sought an arrest warrant based on Defendant Nile's statement and instead based the warrant on video footage plainly showing Plaintiff violating the referenced statute. Defendants admit Plaintiff was criminally charged in the referenced case with two counts of violating C.R.S. § 18-9-110. Defendants deny any remaining allegations in paragraph 96.

97.    Defendants deny the allegations in paragraph 97 of the Complaint.

98.    Defendants lack sufficient information to admit or deny the allegations in paragraph 98 of the Complaint.

99.    Defendants deny the allegations in paragraph 99 of the Complaint.

100.    With respect to the allegations in paragraph 100 of the Complaint, Defendants admit Defendant Niles testified it is not always possible to enforce the

address rule and that the address rule has not always been enforced for accuracy, at times, to Plaintiff's benefit. Defendants admit Defendant Niles testified she had not observed anyone's conduct rise to the level of requiring City Council to take a break other than Plaintiff. Defendants deny the remaining allegations in paragraph 100.

101.   With respect to the allegations in paragraph 101 of the Complaint, Defendants admit a different hearing officer presided over the appeal and deny that this was the reason the exclusion was upheld. Defendants deny that the hearing officer was biased or behaved unprofessionally in any way. Defendants admit Plaintiff was only excluded from attending in-person City Council meetings for the 45-day period alleged but deny she was prohibited from attendance altogether, given she had the option to participate remotely. Defendants deny all remaining allegations in paragraph 101.

102.   With respect to the allegations in paragraph 102 of the Complaint, the exclusion notice speaks for itself. To the extent Plaintiff has mischaracterized or misstated the exclusion notice, Defendants deny the same. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 102 and, as such, deny the same.

103.   With respect to the allegations in paragraph 103 of the Complaint, Defendants lack sufficient information to admit or deny what phone calls Plaintiff made and, as such, deny the same. Defendants deny the remaining allegations in paragraph 103 as no City Council meeting open to the public was held on November 15, 2024.

104.   Defendants deny the allegations in paragraph 104 of the Complaint, as no City Council meeting open to the public was held on November 15, 2024.

105.   With respect to the allegations in paragraph 105 of the Complaint,

Defendants admit Plaintiff was not called to speak on January 6, 2025, because she violated policy by refusing to provide her address or cross streets. Defendants admit no other individual refused to provide their address or cross streets during this City Council meeting. Defendants deny any remaining allegations in paragraph 105.

106. With respect to the allegations in paragraph 106 of the Complaint, the video recording Administrative Order speaks for itself. To the extent Plaintiff has mischaracterized or misstated the Administrative Order, Defendants deny the same. Defendants deny any remaining allegations in paragraph 106.

107. With respect to the allegations in paragraph 107 of the Complaint, the Administrative Order re: video recording speaks for itself. To the extent Plaintiff has mischaracterized or misstated the Administrative Order, Defendants deny the same. Defendants deny any remaining allegations in paragraph 107.

108. Defendants admit the allegations in paragraph 108 of the Complaint.

109. Defendants deny the allegations in paragraph 109 of the Complaint.

110. With respect to the allegations in paragraph 110 of the Complaint, Administrative Order re: video recording speaks for itself. To the extent Plaintiff has mischaracterized or misstated the Administrative Order, Defendants deny the same. Defendants deny any remaining allegations in paragraph 110.

111. Defendants lack sufficient information to admit or deny the allegations in paragraph 111 of the Complaint and, as such, deny the same. Defendants further deny that they specifically threatened Ms. Benson with exclusion from City buildings and criminal prosecution or took action related to her constitutional rights.

18

112.    Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Defendants deny the allegations in paragraph 113 of the Complaint.

114.    Defendants deny the allegations in paragraph 114 of the Complaint.

115.    Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Defendants deny the allegations in paragraph 117 of the Complaint.

118.    Defendants deny the allegations in paragraph 118 of the Complaint, as City Council meetings were not open to the public on all dates listed.

119.    Defendants deny the allegations in paragraph 119 of the Complaint, as Plaintiff's misconduct caused her exclusion.

120.    Defendants deny the allegations in paragraph 120 of the Complaint.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    With respect to the allegations in paragraph 122 of the Complaint, Defendants deny that the Mayor is the final policymaker with respect to who is permitted to address City Council at public meetings. Defendants deny Plaintiff was ever denied the opportunity to speak based on the content of her speech. With regard to the remaining allegations in paragraph 122, the Englewood City Council Policies speak for themselves. To the extent Plaintiff has mischaracterized or misstated those policies, Defendants deny the same. Defendants deny any remaining allegations in paragraph 122.

## Claim I: First Amendment Retaliation (Library Exclusion Order)
### Defendants Englewood, Watson (dismissed from this matter), Barnett, Lafferty, Mulder, Niles, and Renteria.

123.    Defendants incorporate their responses to the allegations realleged in

paragraph 123 of the Complaint.

124.    Defendants object to the compound and lengthy allegations in paragraph 124 of the Complaint as they do not comply with Rule 8's requirement that "[e]ach allegation must be simple, concise, and direct." *See* F.R.C.P. 8(d)(1). Further, the allegations in paragraph 124 are legal conclusions. As such, no response is required. To the extent a response is required, Defendants deny all the listed conduct amounts to protected activity; for example, Plaintiff's harassment of Ellegan is not protected activity. Defendants deny any remaining allegations in paragraph 124.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Defendants deny the allegations in paragraph 126 of the Complaint.

127.    Defendants deny the allegations in paragraph 127 of the Complaint.

128.    With respect to the allegations in paragraph 128 of the Complaint, Defendants admit they acted under color of State law at all times relevant to the allegations in the Complaint. Defendants deny all remaining allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129 of the Complaint.

### Claim II: First Amendment Retaliation (First Prosecution) (retaliatory prosecution portion dismissed)
### *Defendants Englewood, Niles, Renteria, Barnett, Lafferty, Mulder, and Glee*

130.    Defendants incorporate their responses to the allegations realleged in paragraph 130 of the Complaint.

131.    Defendants object to the compound and lengthy allegations in paragraph 131 of the Complaint as they do not comply with Rule 8's requirement that "[e]ach allegation must be simple, concise, and direct." *See* F.R.C.P. 8(d)(1). Further, the

allegations in paragraph 131 are legal conclusions. As such, no response is required. To the extent a response is required, Defendants deny all the listed conduct amounts to protected activity; for example, Plaintiff's harassment of Ellegan is not protected activity. Defendants deny any remaining allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132 of the Complaint.

133.    Defendants deny the allegations in paragraph 133 of the Complaint.

134.    Defendants deny the allegations in paragraph 134 of the Complaint.

135.    With respect to the allegations in paragraph 135 of the Complaint, Defendants admit they acted under color of State law at all times relevant to the allegations in the Complaint. Defendants deny all remaining allegations in paragraph 135.

136.    Defendants deny the allegations in paragraph 136 of the Complaint.

### Claim III: First Amendment Retaliation (Second Prosecution) (retaliatory prosecution portion dismissed)
***Defendants City of Englewood, Sierra (dismissed from this claim), Anderson (dismissed from this matter), Niles, and Glee***

137.    Defendants incorporate their responses to the allegations realleged in paragraph 137 of the Complaint.

138.    Defendants object to the compound and lengthy allegations in paragraph 138 of the Complaint as they do not comply with Rule 8's requirement that "[e]ach allegation must be simple, concise, and direct." *See* F.R.C.P. 8(d)(1). Further, the allegations in paragraph 138 are legal conclusions. As such, no response is required. To the extent a response is required, Defendants deny all the listed conduct amounts to protected activity; for example, Plaintiff's harassment of Ellegan is not protected activity. Defendants deny any remaining allegations in paragraph 138.

21

139. Defendants deny the allegations in paragraph 139 of the Complaint.

140. Defendants deny the allegations in paragraph 140 of the Complaint.

141. Defendants deny the allegations in paragraph 141 of the Complaint.

142. With respect to the allegations in paragraph 142 of the Complaint, Defendants admit they acted under color of State law at all times relevant to the allegations in the Complaint. Defendants deny all remaining allegations in paragraph 142.

143. Defendants deny the allegations in paragraph 143 of the Complaint.

### Claim IV: First Amendment Retaliation (City Council Exclusion)
### *Defendants City of Englewood, Sierra (dismissed from this claim), Anderson (dismissed from this matter), and Niles*

144. Defendants incorporate their responses to the allegations realleged in paragraph 144 of the Complaint.

145. Defendants object to the compound and lengthy allegations in paragraph 145 of the Complaint as they do not comply with Rule 8's requirement that "[e]ach allegation must be simple, concise, and direct." *See* F.R.C.P. 8(d)(1). Further, the allegations in paragraph 145 are legal conclusions. As such, no response is required. To the extent a response is required, Defendants deny all the listed conduct amounts to protected activity; for example, Plaintiff's harassment of Ellegan is not protected activity. Defendants deny any remaining allegations in paragraph 145.

146. Defendants deny the allegations in paragraph 146 of the Complaint.

147. Defendants deny the allegations in paragraph 147 of the Complaint.

148. Defendants deny the allegations in paragraph 148 of the Complaint.

149. With respect to the allegations in paragraph 149 of the Complaint,

Defendants admit they acted under color of State law at all times relevant to the allegations in the Complaint. Defendants deny all remaining allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150 of the Complaint.

## Claim V: First Amendment Retaliation (Denied Permission to Speak at City Council Meeting)
### Defendants City of Englewood and Sierra

151.    Defendants incorporate their responses to the allegations realleged in paragraph 151 of the Complaint.

152.    Defendants object to the compound and lengthy allegations in paragraph 152 of the Complaint as they do not comply with Rule 8's requirement that "[e]ach allegation must be simple, concise, and direct." *See* F.R.C.P. 8(d)(1). Further, the allegations in paragraph 152 are legal conclusions. As such, no response is required. To the extent a response is required, Defendants deny all the listed conduct amounts to protected activity; for example, Plaintiff's harassment of Ellegan is not protected activity. Defendants deny any remaining allegations in paragraph 152.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Defendants deny the allegations in paragraph 154 of the Complaint.

155.    Defendants deny the allegations in paragraph 155 of the Complaint.

156.    With respect to the allegations in paragraph 156 of the Complaint, Defendants admit they acted under color of State law at all times relevant to the allegations in the Complaint. Defendants deny all remaining allegations in paragraph 156.

157.    Defendants deny the allegations in paragraph 157 of the Complaint.

23

**Claim VI: Conspiracy to Violate Ms. Benson's Constitutional Rights (dismissed claims are no longer the bases for this claim)**
*All Defendants (Defendants Watson and Anderson are dismissed from this matter and Defendants Sierra and Lewis are dismissed from this claim)*

158.   Defendants incorporate their responses to the allegations realleged in paragraph 158 of the Complaint.

159.   Defendants deny the allegations in paragraph 159 of the Complaint, including subparts (a)-(e).

160.   With respect to the allegations in paragraph 160 of the Complaint, Defendants admit they acted under color of State law at all times relevant to the allegations in the Complaint. Defendants deny all remaining allegations in paragraph 160.

161.   Defendants deny the allegations in paragraph 161 of the Complaint.

**Claim VII: Violation of Ms. Benson's Rights of Freedom of Speech and Freedom of Association Under Colo. Const. Art. II, Section 10 and C.R.S. § 13-21-131**
*Defendants Mulder and Glee*

162.   Defendants incorporate their responses to the allegations realleged in paragraph 162 of the Complaint.

163.   Defendants admit the allegations in paragraph 163 of the Complaint.

164.   The allegations in paragraph 164 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the cited statutes speak for themselves. To the extent Plaintiff has mischaracterized or misstated those statutes, Defendants deny the same. Defendants deny any remaining allegations in paragraph 164.

165.   The allegations in paragraph 165 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Colorado

Constitution speaks for itself. To the extent Plaintiff has mischaracterized or misstated the Colorado Constitution, Defendants deny the same. Defendants deny any remaining allegations in paragraph 165.

166.    The allegations in paragraph 166 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, the Colorado Constitution speaks for itself. To the extent Plaintiff has mischaracterized or misstated the Colorado Constitution, Defendants deny the same. Defendants deny any remaining allegations in paragraph 166.

167.    Defendants deny the allegations in paragraph 167 of the Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Complaint.

169.    Defendants deny the allegations in paragraph 169 of the Complaint.

170.    Defendants deny the allegations in paragraph 170 of the Complaint.

171.    Defendants deny the allegations in paragraph 171 of the Complaint.

172.    Defendants deny the allegations in paragraph 172 of the Complaint.

173.    Defendants deny the allegations in paragraph 173 of the Complaint.

174.    Defendants deny the allegations in paragraph 174 of the Complaint.

### Claim VIII: Violation of Ms. Benson's First Amendment Rights (Library Exclusion) (dismissed in full)
#### Defendants Lafferty, Mulder, Niles, and Renteria

175-182.    Claim VIII has been dismissed in its entirety, and therefore, no response is required to paragraphs 175-182 of the Complaint. To the extent a response is required, Defendants deny these allegations.

### Claim IX: Violation of Ms. Benson's First Amendment Rights (First City Council Exclusion) (dismissed in full)
*Defendants City of Englewood, Sierra, Anderson, and Niles*

183-190.    Claim IX has been dismissed in its entirety and therefore no response is required to paragraphs 183-190 of the Complaint. To the extent a response is required, Defendants deny these allegations.

### Claim X: Violation of Ms. Benson's First Amendment Rights (City Council Denial of Opportunity to Speak) (dismissed in full)
*Defendants City of Englewood and Sierra*

191-198.    Claim X has been dismissed in its entirety and therefore no response is required to paragraphs 191-198 of the Complaint. To the extent a response is required, Defendants deny these allegations.

### Claim XI: First Amendment Overbreadth (Administrative Order Prohibiting Video Recording Without Consent)
*Defendants City of Englewood and Lewis*

199.    Defendants incorporate their responses to the allegations realleged in paragraph 199 of the Complaint.

200.    Defendants deny the allegations in paragraph 200 of the Complaint.

201.    Defendants deny the allegations in paragraph 201 of the Complaint.

202.    Defendants deny the allegations in paragraph 202 of the Complaint.

203.    Defendants deny the allegations in paragraph 203 of the Complaint.

204.    Defendants deny the allegations in paragraph 204 of the Complaint.

205.    Defendants deny the allegations in paragraph 205 of the Complaint.

206.    Defendants deny the allegations in paragraph 206 of the Complaint.

207.    Defendants deny the allegations in paragraph 207 of the Complaint.

208.    Defendants deny the allegations in paragraph 208 of the Complaint.

209.    Defendants deny Plaintiff is entitled to the relief requested in her Prayer for Relief on page 36, including subparts (a)-(i).

210.    Defendants deny all allegations not expressly admitted herein.

## II.    AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief may be granted as to some or all of the claims against Defendants.

2.    Defendants did not violate Plaintiff's constitutional rights.

3.    Defendants' actions were objectively reasonable under the circumstances presented.

4.    Defendants were lawfully exercising powers conferred upon them and were justified in the exercise of those powers.

5.    Some or all of Plaintiff's alleged speech is not protected under the First Amendment to the United States Constitution or the Colorado Constitution.

6.    Defendants would have taken the same actions with regard to Plaintiff regardless of her speech or viewpoint.

7.    Defendants acted in good faith at all times and without intent to harm Plaintiff.

8.    Defendants are qualifiedly immune from some or all of Plaintiff's claims.

9.    Some or all Defendants are entitled to "absolute immunity" for witness statements made during criminal investigations and/or hearings. *Berryman v. Niceta,* 143 F.4th 1134, 1145 (10th Cir. 2025).

27

10.    Plaintiff's claims are brought for the improper purpose of maliciously prosecuting Defendants.

11.    Plaintiff's alleged injuries and damages, if any, were either directly or proximately caused by her own conduct and should be reduced accordingly.

12.    Plaintiff's alleged injuries and damages, if any, were not directly or proximately caused by any act or omission of any Defendant.

13.    Plaintiff's alleged injuries and damages, if any, were either pre-existing and not aggravated by any act or omission of any Defendant.

14.    Plaintiff's alleged injuries and damages, if any, are not to the extent and nature as alleged in the Complaint.

15.    Plaintiff has failed to mitigate her alleged damages.

16.    Defendants reserve the right to add additional affirmative defenses, which are revealed by way of disclosures and discovery.

### III.    JURY DEMAND

**DEFENDANT HEREBY DEMANDS THIS CASE BE TRIED TO A JURY PURSUANT TO F.R.C.P. 38.**

Respectfully submitted,


s/ *Courtney B. Kramer*
**Courtney B. Kramer**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ckramer@sgrllc.com


28

s/ *Tiffany E. Toomey*
**Tiffany E. Toomey**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ttoomey@sgrllc.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of March, 2026, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' ANSWER** with the Clerk of Court using the CM/ECF system, which will send notification to the following email addresses:

Jamie H. Hubbard
Carey L. Bell, IV
STIMSON LABRANCHE HUBBARD, LLC
Email: bell@slhlegal.com
Email: hubbard@slhlegal.com
*Attorneys for Plaintiff Regan Benson*

 */s/ Mariel Juniper*
Legal Secretary

29