IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01571-RMR-KAS

REGAN BENSON,

　　　Plaintiff/Counter-Defendant,

v.

TAMARA NILES, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity,

　　　Defendants/Counter-Plaintiffs

and

ENGLEWOOD, COLORADO, a Colorado municipal corporation,
OTHONIEL SIERRA, in his individual and official capacity,
SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity,
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity, and
AARON GLEE, in his individual and official capacity.

　　　Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

　　　This matter is before the Court sua sponte. On review of this case, the Court is not satisfied, based on the face of Defendants Niles and Lewis's Amended Counterclaim [#59], that it has subject-matter jurisdiction over the state law counterclaim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("[An] objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (citation omitted).

　　　28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, the Amended Counterclaim, a defamation claim under state law, arises from Plaintiff's statements concerning a topic that is entirely unrelated to Plaintiff's

statements regarding the City's policies on homelessness and occurred at a city council meeting that is different from the meetings from which Plaintiff's claims arise. In other words, the Amended Counterclaim does not appear to derive from a common nucleus of operative fact as Plaintiff's claims. Therefore, a question exists as to whether the counterclaim is so related to the claims over which the Court has original jurisdiction that the counterclaim forms part of the same case or controversy. Accordingly,

IT IS HEREBY **ORDERED** that Defendants/Counter-Plaintiffs Niles and Lewis shall file, no later than **May 20, 2026**, a supplemental brief addressing on what ground the Court may exercise subject-matter jurisdiction over the counterclaim. A response shall be due in the ordinary course. No replies will be permitted.

Further, the Court is aware of its Order [#82] staying discovery in this matter pending resolution of Defendants' Motion to Dismiss [#50] and Plaintiff's Special Motion to Dismiss [#69]. The Defendants' Motion to Dismiss [#50] has been adjudicated, and several of Plaintiff's claims are ripe for discovery. The Court's adjudication of the Special Motion [#69] appears to be the only matter holding up this case's progress. Because the Court's jurisdiction over the Amended Counterclaim [#59] and corresponding Special Motion [#69] remains an open question requiring additional briefing, and because Plaintiff—the movant—opposed any stay of discovery in the first place, *see Response* [#78], the Court finds that the pending Special Motion [#69] is no longer a suitable justification for continuing to delay this case. Accordingly,

IT IS FURTHER **ORDERED** that the discovery stay in this matter is **LIFTED**.

IT IS FURTHER **ORDERED** that the parties shall file a joint motion to amend the Scheduling Order [#39], with proposed amendments to deadlines set in this case, no later than **May 13, 2026**.

Dated: April 29, 2026

2