IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1-25-CV-1571-RMR-KAS

REGAN BENSON,

     Plaintiff,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation, et al.

     Defendants.

---

**DEFENDANTS NILES AND LEWIS' SUPPLEMENTAL BRIEF
RE: SUBJECT MATTER JURISDICTION**

---

Defendants Niles and Lewis ("Defendants"), through counsel, **SGR, LLC**, and pursuant to the Court's Minute Order, ECF No. 89, hereby file their Supplemental Brief re: Subject Matter Jurisdiction as follows:

## I.     <u>INTRODUCTION</u>

On April 29, 2026, this Court issued a Minute Order for Defendants to file supplemental briefing establishing it has subject matter jurisdiction. The Court indicated Defendants' amended counterclaims appear unrelated to Plaintiffs' claims because (1) they concern a topic that is entirely unrelated to Plaintiff's statements regarding the City's policies on homelessness and (2) they occurred at a City Council meeting different from the meetings from which Plaintiff's claims arise.  However, Plaintiff alleges the contrary. She alleges her defamatory statements arise from the City's policies on homelessness and that her comments at issue directly discuss the allegations made by

Defendants in this lawsuit. [*See* Plaintiff's anti-SLAPP motion to dismiss, ECF No. 69, pp. 9, 11, and 12]. As detailed below, Defendants' counterclaims and Plaintiff's claims therefore arise from a common nucleus of operative facts and should therefore be litigated in the same matter.

## II.    <u>SUBJECT-MATTER JURISDICTION</u>

As indicated in the Court's Minute Order, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Claims are "so related" where they satisfy the common nucleus of operative fact test. *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir. 2010). Plaintiff's defamatory statements were made while discussing the same government conduct alleged in her claims, involve the same parties, and discuss the same lawsuit underlying Plaintiff's claims, as supported by the following:

- "The parties have stipulated that the first step of the anti-SLAPP analysis is satisfied in that Ms. Benson's conduct at issue in the Counterclaim is sufficiently connected to a public issue." *See* Plaintiff's anti-SLAPP motion to dismiss, ECF No. 69, p. 6.

- "Benson's 'playing fricking cornholie' comment was made in the midst of complaining about how Englewood government officials were not helping 'Crystal.' Crystal is a long-time Englewood resident whose home was condemned by Englewood due to alleged code violations. Crystal was left homeless, living in a tent, and spoke at the May 5 City Council meeting about how Englewood police officers were chasing her from park to park." *See* Plaintiff's anti-SLAPP motion to dismiss, ECF No. 69, pp. 11-12.

- "Lewis and Niles have been trying to silence Benson for years. They have

reported her protected speech to law enforcement and had her arrested and prosecuted. They used administrative procedures to exclude her from City Council meeting[s]. They implemented policies specifically designed to outlaw her protected activity.  The Counterclaims are yet another effort to dissuade Ms. Benson from holding the important government officials accountable for their abuse of office." *See* Plaintiff's anti-SLAPP motion to dismiss, ECF No. 69, p. 2.

- "Rather, the videos depict Benson discussing the allegations in the original Counterclaim and making fun of Niles and Lewis's assertion that she accused them of sexual misconduct."  *See* Plaintiff's anti-SLAPP motion to dismiss, ECF No. 69, p. 9.

- Plaintiff's full statement accompanying her "cornholing" comment included, "People aren't going to like this million dollar lawsuit [referring to her claims in the instant matter] you dumb shits… Jamie is going to mop your fricking floor. She is going to make you cry. Repeatedly [again referring to her claims in the instant matter].  *See* Plaintiff's anti-SLAPP motion to dismiss, ECF No. 69, p. 4.

- "Plaintiff concedes her statement referred to sexual activity in two subsequent YouTube videos that she published addressing Defendants' counterclaims ("… someone having sexual relations with each other - so what. I guess that some idioms could be taken as. Like you know, you're taking it up the -- "); ("their using taxpayer dollars to file a countersuit in Federal Court to sue me [referring to the instant lawsuit], because apparently, they think I said that they are participating in sexual encounters with each other… if the shoe fits wear it.").  *See* Defendants' first amended counterclaims, ECF No. 59, p. 4, ¶ 17.

- Plaintiff acted with actual malice further evidence by her anger and hostility toward Niles and Lewis.  *See* Defendants' first amended counterclaims, ECF No. 59, p. 6, ¶ 31.

The conduct underlying Plaintiff's claims (harassment of public officials and inappropriate behavior during City Council meetings) establishes Plaintiff's personal animosity toward Defendants and is the same conduct, in part, supporting the "actual malice" element of Defendants' counterclaims. *Rosenblum v. Budd*, 538 P.3d 354, 365, ¶¶ 38-40 (Colo. App. 2023) (elements of defamation claim).  Requiring Defendants to re-file their counterclaims in state court would result in duplicative discovery given Plaintiff's claims and Defendants' counterclaims require much of the same evidence and

involve the same parties and witnesses. *Jones v. Addictive Behav. Change Health Grp., LLC,* 364 F. Supp. 3d 1257, 1264 (D. Kan. 2019) (exercising supplemental jurisdiction where "the parties are the same, the claims require much of the same evidence, and many of the same witnesses are likely necessary for both claims.").

**WHEREFORE**, Defendants respectfully request this Court exercise supplemental jurisdiction over their counterclaims.

Respectfully submitted,

s/ *Courtney B. Kramer*
**Courtney B. Kramer**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ckramer@sgrllc.com

s/ *Tiffany E. Toomey*
**Tiffany E. Toomey**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone:  (303) 320-0509
Facsimile:   (303) 320-0210
Email: ttoomey@sgrllc.com
*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of May, 2026, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS NILES AND LEWIS' SUPPLEMENTAL BRIEF RE: SUBJECT MATTER JURISDICTION** with the Clerk of Court using the CM/ECF system, which will send notification to the following email addresses:

Jamie H. Hubbard
Carey L. Bell, IV
STIMSON LABRANCHE HUBBARD, LLC
Email: bell@slhlegal.com
Email: hubbard@slhlegal.com
*Attorneys for Plaintiff Regan Benson*

*/s/ Mariel Juniper*
Legal Secretary

5