IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-CV-1571-RMR-KAS

REGAN BENSON,

       Plaintiff/Counterclaim Defendant,

v.

ENGLEWOOD, COLORADO, a Colorado municipal corporation

and

SERGIO RENTERIA, in his individual and official capacity,
BETHANY LAFFERTY, in her individual and official capacity
CORINNE BARNETT, in her individual and official capacity,
JEAN MULDER, in her individual and official capacity,
AARON GLEE, in his individual and official capacity,

       Defendants

and

TAMARA NILES, in her individual and official capacity, and
SHAWN LEWIS, in his individual and official capacity.

       Defendants/ Counterclaim Plaintiffs.

---

**Plaintiff/Counterclaim Defendant's Response to Supplemental Brief Regarding Subject Matter Jurisdiction**

---

Plaintiff Regan Benson ("Ms. Benson"), through counsel, submits this response to

Defendants/Counterclaim Plaintiffs Niles and Lewis's Supplemental Brief regarding Subject Matter

Jurisdiction. ECF No. 91.

Plaintiff Benson agrees with the Court that the counterclaim alleges a violation of state law and arises from statements made during a city council meeting that occurred months after the issues underlying her lawsuit. Her claims turn on whether Defendants' involvement with two criminal cases—one occurring in March 2024 and the second in October 2024—and related civil exclusion proceedings was retaliation for her protected activity that pre-dated those arrests. *See generally* ECF No. 36. Ms. Niles and Mr. Lewis's counterclaim alleges that Ms. Benson defamed them by saying they were "playing freaking cornholeio" during a City Council meeting in May 2025, more than six months after the key events in the Complaint.

Ms. Niles and Mr. Lewis claim that the overlap here is Ms. Benson's ongoing advocacy for the unhoused. But these efforts—which continue at present—do not mean that every claim that potentially relates in some way to such advocacy involves a common nucleus of fact. While some of the parties involved the same, there is not the required common nucleus of facts to implicate 28 U.S.C. § 1367. *See Schaeffer v. JBS Carriers, Inc.*, 2020 WL 7043867, at \*21 (D. Colo. Dec. 1, 2020) (declining supplemental jurisdiction over counterclaim where there was no common nucleus of facts with plaintiff's retaliation claim); *see also Wallker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1324-25 (D.N.M. 2011) (declining supplemental jurisdiction despite overlap of parties because claims did not arise from common nucleus of facts); *OL Private Counsel, LLC v. Olson*, 2022 WL 617033, at \* (D. Utah Feb. 10, 2022) (same); *Vox Marketing Group v. Prodigy Promos*, 556 F. Supp. 3d 1280 (D. Utah 2021) (same).

Ms. Niles and Mr. Lewis also contend that the events of 2024 are relevant to their counterclaim because they show that Ms. Benson acted with "actual malice" in May 2025. Ms. Niles and Mr. Lewis misapprehend the meaning of "actual malice" in a defamation suit. Contrary to their representations, "actual malice" does not mean "anger and hostility" or "personal animosity." ECF No. 91, pg. 3.

"Actual malice" means that the speaker made the statement "with actual knowledge that it was false or with reckless disregard for whether it was true." *Coomer v. Donald J. Trump for President, Inc.*, 552 P.3d 562, 591 (Colo. App. 2024). Setting aside the many other problems with Ms. Niles and Mr. Lewis's claim that Ms. Benson's "playing freaking cornholeio" comment can form the basis of a defamation claim, Ms. Benson's activities and the Defendants' responses to those activities in 2024 have no bearing on whether Ms. Benson believed that Ms. Niles and Mr. Lewis were actually playing corneholio in May 2025. So, the discovery for Ms. Benson's claims and the discovery for Ms. Niles and Mr. Lewis's counterclaims would not overlap based on evidence related to "actual malice."

Dated: June 10, 2026.

Respectfully submitted,

*S/ Jamie Hubbard*
Jamie Hubbard
Carey Bell
STIMSON LABRANCHE HUBBARD, LLC
1652 Downing Street
Denver, CO 80218
Phone/Fax:    720.689.8909
Email:    hubbard@slhlegal.com
bell@slhlegal.com

*Attorneys for Plaintiff/Counter-Defendant
Regan Benson*

3

## Certificate of Service

I certify that on June 10, 2026, I electronically filed the foregoing *Plaintiff/Counterclaim Defendant's Response to Supplemental Brief Regarding Subject Matter Jurisdiction* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Nancy Hickam*
Nancy Hickam, Paralegal